

Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street  |  New York, NY 10019-6131  |  tel 212.858.1000  |  fax 212.858.1500

Kenneth W. Taber
tel: +1.212.858.1813
kenneth.taber@pillsburylaw.com

July 2, 2024

**VIA ECF**
Hon. Edgardo Ramos
Thurgood Marshall U.S. Courthouse
40 Foley Square, Courtroom 619
New York, NY 10007

  Re: *SecurityScorecard, Inc. v. Safe Securities, Inc.*, **Case No.: 1:24-cv-04240-ER**

Dear Judge Ramos:

  We write on behalf of Plaintiff SecurityScorecard, Inc. ("SSC") in the above-referenced matter. During the June 13th preliminary injunction hearing (the "June 13 Hearing") before the Court, Your Honor directed the parties to meet-and-confer in an attempt to find agreement on two stipulations: (i) one enjoining Defendant Mary Polyakova ("Ms. Polyakova") from using or disclosing SSC Proprietary Information, and (ii) a second providing for the destruction of all copies of the Master East List and CISO Prospect Lists (together, the "Lists"), except for one copy each that would remain in the possession of Defendants' two law firms.

  Since then, counsel for SSC, for Ms. Polyakova and for Defendant Safe Securities, Inc *d/b/a* Safe Security ("SAFE") have exchanged multiple drafts of such stipulations, and have met telephonically. Through those efforts, counsel for SSC and Ms. Polyakova have reached agreement on the first such stipulation, in the form attached hereto as **Exhibit A**.[1]

  The parties have been unable, however, to reach agreement on the second stipulation, requiring the destruction of the Lists. Accordingly, the parties will be submitting alternate proposed versions of that stipulation and Order. SSC's proposed stipulation and Order is attached hereto as **Exhibit B**.

  As Your Honor may recall, during the June 13 Hearing, we indicated SSC was amenable to a stipulation providing:

---

[1] Counsel for Ms. Polyakova indicated in email Sunday evening that he has "no additional suggested edits" to this stipulation, but argues that this version of the stipulation ought not be submitted for the Court's approval because it references the second stipulation, which was not agreed upon.

www.pillsburylaw.com

July 2, 2024
Page 2

> Number one, that all copies of these materials have been destroyed except for, number two, the copies that are in the possession of the lawyers for purposes of litigating the case; and number three, that there's a representation by both SAFE and by Ms. Polyakova that there are no other copies extant of these documents; and that all of that is so-ordered by the Court. That would not be difficult and would solve part of why we're here. Because in my world, a so-ordered by the Court is, in effect, an injunction that comes with contempt of court if, in fact, it's not true. And so that we would be able to live with as it relates to those documents.

June 13 Hearing Tr. at 54:9-20.

In response, the Court put the following question to counsel for SAFE, and he responded as follows:

> THE COURT: Let me ask you this: Based on the way that he framed it, would you be willing to enter into a stipulation? It would be so-ordered by the Court with respect to the documents.
>
> MR. PADRO: I think with respect to the documents, obviously talking about the representations and being able to agree on those in terms of what it is that we have or doesn't, yes, I believe so. We need to see the details, but I don't see any concern, listening to what I've now heard right now with regard to the documents.

*Id*. at 59:5-14.

Exhibit B is the latest version of this stipulation proposed by SSC to Defendants. We believe it closely tracks all of the above parameters. Yet SAFE has interposed, through correspondence, multiple objections (*see* **Exhibit C**).

*First,* SAFE objects to the inclusion following the word "known" of the phrase "or knowable through reasonable inquiry" in paragraph (a). *See* Ex. C. The "reasonable inquiry" qualifier is essential to make certain, as I specifically noted during the June 13 Hearing, "that there are no other copies extant of these documents." The way to accomplish that is for Defendants' counsel to make "reasonable inquiry" of their own clients to ensure all copies of the Lists – not just those previously in counsels' direct knowledge – are destroyed. Absent such language, there is no assurance of a reasonable effort here to identify, and destroy, all such copies extant with their clients.

*Second*, SAFE now objects to the destruction of the Lists in the possession of their vendor, Digital Mountain, as required by our paragraph (a). *See* Ex. C. But, as we also explained during the June 13 Hearing, "[w]e have no control over Digital Mountain[.] . . . We can't stop Digital

July 2, 2024
Page 3

Mountain . . . from giving these things back to them without an order from your Honor that says that all copies of these documents, whether they are at Digital Mountain or whether they are in a Box account or whether they are sitting on her desk at home, all copies must be destroyed." June 13 Hearing Tr. at 16:3-9. Nor is there any reason why Goodwin Procter LLP, one of the largest law firms in the country, cannot maintain their own copy of the Lists on their own systems, without any involvement by Digital Mountain.[2]

*Third*, SAFE objects to the language in our paragraph (b) that Defendants' counsel may retain only one copy of the Lists. *See* Ex. C. But there is no merit to Defendants' contention that keeping only one copy of the Lists would be unduly restrictive. Indeed, Defendants' counsel can easily host that one copy of the Lists on their server or on their document review platform, and thereby enable multiple attorneys to access and view the Lists simultaneously.

*Fourth*, SAFE objects to our inclusion of paragraph (f) holding that violation of the order will result in contempt of court. *See* Ex. C. But the inclusion of a contempt of court sanction for violation of the order is standard language in this context, and was another express condition to SSC's willingness to enter such a stipulation. *See* June 13 Hearing Tr. at 54:16-20.

For all the above reasons, and those stated during the June 13 Hearing, SSC respectfully requests that the Court enter (i) the agreed-upon Order enjoining Ms. Polyakova from using or disclosing SSC Proprietary Information, in the form attached hereto as **Exhibit A**, and (ii) an Order concerning the destruction of the Lists, in the form attached hereto as **Exhibit B**.

Respectfully submitted,

*/s/ Kenneth W. Taber*
Kenneth W. Taber

cc: All Counsel of Record

---

[2] Insofar as Ms. Polyakova's law firm – Kudman Trachten Aloe Posner LLP – is a smaller firm, and therefore may not have those same capabilities, Exhibit B provides: "If counsel for Polyakova lack the in-house capability to maintain this copy of such materials, counsel for SSC shall retain a vendor of its choosing, and at its own expense, to maintain that copy, with access thereto limited to counsel for Polyakova. That vendor shall not report to anyone else if and when counsel for Polyakova engage in such access." Ex. B ¶ (c).