# EXHIBIT A

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITYSCORECARD, INC.,<br><br>Plaintiff,<br><br>-against-<br><br>SAFE SECURITIES, INC. d/b/a SAFE SECURITY and MARY POLYAKOVA,<br><br>Defendants. | Case No. 24-cv-04240-ER<br><br>**STIPULATION AND PROPOSED ORDER** |

THIS MATTER, having been opened to the Court by Plaintiff SecurityScorecard, Inc.'s ("SSC" or "Plaintiff") Order to Show Cause dated June 4, 2024;

WHEREAS, on June 4, 2024, this Court entered an Order to Show Cause why a preliminary injunction should not issue and scheduled a hearing for June 13, 2024;

WHEREAS, on June 8, 2024, Defendant Mary Polyakova ("Polyakova") was served with the Complaint and Summons in this matter;

WHEREAS, on June 12, 2024, SSC's Order to Show Cause for Temporary Restraining Order and Preliminary Injunction ("OSC") was fully briefed; and

WHEREAS, on June 13, 2024, the Court conducted a hearing on the OSC and directed, *inter alia*, counsel for SSC and Polyakova to meet and confer regarding an injunction with respect to SSC proprietary information;

WHEREAS, counsel for SSC and Polyakova have so conferred;

**IT IS HEREBY ORDERED**, that:

(a) Polyakova is enjoined from using or disclosing SSC Proprietary Information, with the term Proprietary Information defined to mean: all inventions and all

    other business, technical, and financial information (including information relating to customers or employees) she developed, learned or obtained during the term of her employment by SSC that relate to SSC or the business or demonstrably anticipated business of SSC, or that were known to her during her employment by SSC to have been received by or for SSC in confidence, but shall not include (i) information that is or becomes publicly available through no fault of Polyakova, (ii) information Polyakova learned prior to the term of her employment at SSC, (iii) information Polyakova receives from a third party that, to Polyakova's knowledge, was not under an obligation of confidentiality to SSC at the time Polyakova was provided the information or (iv) information that was independently developed by Polyakova at any time other than during her employment by SSC;

(b) This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order;

(c) This Order, in conjunction with Order relating to the Master East List and CISO Prospects Lists (as defined in the Complaint in this matter), by Plaintiff, on the one hand, and defendants Safe Securities, Inc. and Polyakova, on the other hand, constitutes the entirety of the preliminary injunctive relief that Plaintiff currently seeks against Polyakova (collectively, the "Preliminary Injunctions") and, other than potential enforcement of the Preliminary Injunctions, Plaintiff currently seeks no other preliminary injunctive relief against defendant Polyakova; and

(d) This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations hereunder.

[Signature page follows]

SO STIPULATED AND AGREED.

| | |
|---|---|
| **PILLSBURY WINTHROP SHAW PITTMAN LLP** | **KUDMAN TRACHTEN ALOE POSNER LLP** |
| By: */s/ Kenneth W. Taber* <br> Kenneth W. Taber <br> Brian L. Beckerman <br> Sarah M. Madigan <br> 31 West 52nd Street <br> New York, NY 10019 <br> Tel: (212) 858-1000 <br> Fax: (212) 858-1500 <br> kenneth.taber@pillsburylaw.com <br> brian.backerman@pillsburylaw.com <br> sarah.madigan@pillsburylaw.com <br><br> *Attorneys for Plaintiff SecurityScorecard, Inc.* | By: */s/* <br> Mitchell Epner <br> 448 Madison Avenue, 23rd Floor <br> New York, NY 10022 <br> mepner@kudmanlaw.com <br><br> *Attorneys for Defendant Mary Polyakova* |

IT IS SO ORDERED, this _____ day of June, 2024.

_____
HON. EDGARDO RAMOS, U.S.D.J.

Dated:  June __, 2024
        New York, NY

4