# EXHIBIT C

| | |
|---|---|
| **From:** | Desai, Ishika <IDesai@goodwinlaw.com> |
| **Sent:** | Sunday, June 30, 2024 6:02 PM |
| **To:** | Beckerman, Brian L.; Madigan, Sarah M.; Padro, John P |
| **Cc:** | Taber, Kenneth W.; Mitchell Epner; DG-GP-SAFE-SSC |
| **Subject:** | RE: SecurityScorecard, Inc. v. Safe Securities, Inc., Case No. 1:24-cv-04240-ER |
| | |
| **Follow Up Flag:** | Flag for follow up |
| **Flag Status:** | Completed |

Counsel,

SAFE does not agree to your proposed language for the reasons we have already stated. SSC did not inform the Court in its papers or at the hearing that it sought to bind SAFE to a stipulation requiring destruction of documents it is not aware of.

It was plainly stated at the hearing that SAFE would need to see the details of any stipulation before agreeing to its terms. Your position that Digital Mountain, a reputable third-party vendor, cannot maintain the metadata associated with the Lists, while we have no confirmation that SSC is in possession and intends to produce the Lists with the same relevant metadata, is not acceptable to us.

As we have stated, we believe a joint submission to the Court is the appropriate procedure here. If you do not intend to submit a joint submission, the parties should agree on a date and time for simultaneous submissions.

Ishika

**Ishika Desai**
*she/her/hers*
Associate



Goodwin Procter LLP
601 Marshall Street
Redwood City, CA 94063
o  +1 650 752 3276
m +1 304 685 1279
f   +1 650 471 6058
IDesai@goodwinlaw.com



---

**From:** Beckerman, Brian L. <brian.beckerman@pillsburylaw.com>
**Sent:** Friday, June 28, 2024 4:48 PM
**To:** Desai, Ishika <IDesai@goodwinlaw.com>; Madigan, Sarah M. <sarah.madigan@pillsburylaw.com>; Padro, John P <JPadro@goodwinlaw.com>
**Cc:** Taber, Kenneth W. <kenneth.taber@pillsburylaw.com>; Mitchell Epner

<mepner@kudmanlaw.com>; DG-GP-SAFE-SSC <DG-GP-SAFE-SSC@goodwinlaw.com>
**Subject:** RE: SecurityScorecard, Inc. v. Safe Securities, Inc., Case No. 1:24-cv-04240-ER

\*\*\*EXTERNAL\*\*\*
Counsel—

We included the "or knowable through reasonable inquiry" language because we think your firms have a duty to inquire of your clients whether there are any other copies of these materials extant and, if so, to make sure they too are destroyed. Put differently, you cannot put your heads in the sand and fail to make such inquiries of your clients. If you want to capture that principle through alternate language, we are prepared to consider that alternate language.

There is simply no reason for Digital Mountain to maintain the Lists or any forensic imaging of the Lists. This **is** different than the garden-variety circumstance of an expert or vendor having access to AEO materials, because the Lists constitute SSC's Crown Jewels, and we have absolutely no control over Digital Mountain. These are points we previously made clear in Court (*see* June 13, 2024 H'rg Tr. at 15:20-18:5) — when you told Judge Ramos you were prepared to meet our concerns through a stipulation (*id*. at 59:9-14). Your refusal now to do so, by taking Digital Mountain out of the equation, is plainly at odds with your prior representation.

We also fail to understand why Digital Mountain must keep copies of the Lists when a firm like Goodwin is fully capable of hosting the Lists on its own servers or on its Relativity or Axcelerate document review platforms. We likewise fail to understand why one copy would be too restrictive. If Goodwin were to host the Lists on a document review platform, numerous attorneys would be able to access and view the Lists simultaneously. We simply want to avoid the increased risk of inadvertent disclosure if numerous copies of the Lists were to be maintained.

If we can find agreement on the above, we can likely find a way to resolve the last issue regarding contempt.

Please let us know your thoughts by Monday morning. We have been negotiating the Proposed Orders since June 18, so we need to bring closure to these Proposed Orders — or if we can't, will need to submit competing orders to the Court.

Best,
Brian

---

**From:** Desai, Ishika <IDesai@goodwinlaw.com>
**Sent:** Friday, June 28, 2024 4:02 PM
**To:** Madigan, Sarah M. <sarah.madigan@pillsburylaw.com>; Padro, John P <JPadro@goodwinlaw.com>; Beckerman, Brian L. <brian.beckerman@pillsburylaw.com>
**Cc:** Taber, Kenneth W. <kenneth.taber@pillsburylaw.com>; Mitchell Epner <mepner@kudmanlaw.com>; DG-GP-SAFE-SSC <DG-GP-SAFE-SSC@goodwinlaw.com>
**Subject:** RE: SecurityScorecard, Inc. v. Safe Securities, Inc., Case No. 1:24-cv-04240-ER

Counsel,

SAFE cannot agree to certain edits made by SSC. Specifically:

1. In paragraph (a), the addition of "or knowable through reasonable inquiry" is extremely obscure. SAFE cannot agree to delete documents it is plainly unaware of.

2. In paragraph (a), SSC still has not articulated any basis for demanding that Digital Mountain destroy the Lists. Digital Mountain is a well-qualified forensics company with years of experience. They have been hired to assist the litigation team and to sequester materials for preservation purposes, and Digital Mountain possesses the "forensic image" that paragraph (b) expressly allows counsel to retain. Digital Mountain is controlled by counsel for SAFE and Ms. Polyakova, such that the AEO restrictions will apply to Digital Mountain as well, and Digital Mountain will sign the forthcoming Protective Order in this case as a vendor of SAFE. This is no different than an expert or e-discovery vendor obtaining access to AEO materials under a Protective Order. There is no basis to object to service providers such as Digital Mountain in a case such as this.

3. In paragraph (b), it is unclear what is meant by "one copy" of the Lists. SSC provided an under seal copy of these documents in D.I. 14. Counsel for SAFE still does not have access to that under seal filing or the exhibits contained therein. Moreover, the copy within D.I. 14 may not contain metadata associated with the documents that are in SSC's possession. Given that the parties are in agreement that any and all copies of the Lists used in connection with this litigation shall remain AEO, there should be no issue with SAFE's proposed language.

4. As to paragraph (f), as we have previously stated, SAFE will not agree to an automatic finding of contempt, nor was such a finding contemplated by the Court during the hearing. Exclusion of this provision does not impact SSC's rights with respect to enforcing the stipulation and subsequent order.

Let us know if we can reach agreement on these issues. If we cannot, we would propose submitting a joint letter to the Court indicating the provisions that are agreed upon, as well as the disputed provisions including each party's respective positions.

Thank you,
Ishika

**Ishika Desai**
*she/her/hers*
Associate



Goodwin Procter LLP
601 Marshall Street
Redwood City, CA 94063
o  +1 650 752 3276
m +1 304 685 1279
f   +1 650 471 6058
IDesai@goodwinlaw.com



**From:** Madigan, Sarah M. <sarah.madigan@pillsburylaw.com>
**Sent:** Thursday, June 27, 2024 7:48 PM
**To:** Padro, John P <JPadro@goodwinlaw.com>; Beckerman, Brian L. <brian.beckerman@pillsburylaw.com>
**Cc:** Taber, Kenneth W. <kenneth.taber@pillsburylaw.com>; Mitchell Epner <mepner@kudmanlaw.com>; DG-GP-SAFE-SSC <DG-GP-SAFE-SSC@goodwinlaw.com>
**Subject:** RE: SecurityScorecard, Inc. v. Safe Securities, Inc., Case No. 1:24-cv-04240-ER

***EXTERNAL***
John,

Please find attached our revisions to your draft, in clean with a redline marked against your draft.

Please let us know if we can reach agreement on this draft.

Best,
Sarah

**Sarah M. Madigan** | Associate
Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131
t +1.212.858.1169
sarah.madigan@pillsburylaw.com | website bio

**From:** Padro, John P <JPadro@goodwinlaw.com>
**Sent:** Thursday, June 27, 2024 5:13 PM
**To:** Beckerman, Brian L. <brian.beckerman@pillsburylaw.com>
**Cc:** Taber, Kenneth W. <kenneth.taber@pillsburylaw.com>; Madigan, Sarah M. <sarah.madigan@pillsburylaw.com>; Mitchell Epner <mepner@kudmanlaw.com>; DG-GP-SAFE-SSC <DG-GP-SAFE-SSC@goodwinlaw.com>
**Subject:** RE: SecurityScorecard, Inc. v. Safe Securities, Inc., Case No. 1:24-cv-04240-ER

Brian,

Please find our revisions to the proposed document stipulation attached (our edits are in track).  There are also a few questions and comments in the draft.  Please review and let us know your position.

Thanks,

**John Padro**

Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue

New York, NY 10018
o  +1 212 459 7349
f   +1 212 428 6751
JPadro@goodwinlaw.com

   

**From:** Beckerman, Brian L. <brian.beckerman@pillsburylaw.com>
**Sent:** Saturday, June 22, 2024 8:06 AM
**To:** Padro, John P <JPadro@goodwinlaw.com>; Mitchell Epner <mepner@kudmanlaw.com>; Taber, Kenneth W. <kenneth.taber@pillsburylaw.com>
**Cc:** Chatterjee, Neel <NChatterjee@goodwinlaw.com>; Smith, Sharon R <SharonSmith@goodwinlaw.com>; Madigan, Sarah M. <sarah.madigan@pillsburylaw.com>
**Subject:** RE: SecurityScorecard, Inc. v. Safe Securities, Inc., Case No. 1:24-cv-04240-ER

***EXTERNAL***
John,

Please see attached our revised Stipulation and Proposed Order, and a redline marked against the version you sent yesterday afternoon.

As we explained to the Court during the June 13 hearing, we are amenable to a stipulation that provides: "Number one, that all copies of these materials have been destroyed except for, number two, the copies that are in the possession of the lawyers for purposes of litigating the case; and number three, that there's a representation by both SAFE and by Ms. Polyakova that there are no other copies extant of these documents; and that all of that is so-ordered by the Court. That would not be difficult and would solve part of why we're here. Because in my world, a so-ordered by the Court is, in effect, an injunction that comes with contempt of court if, in fact, it's not true. And so that we would be able to live with as it relates to those documents." June 13 Hr'g Tr. at 54:4-20.

Your proposed changes eliminated key predicates for any such stipulation, including the destruction of all copies of the Master East List and CISO Prospect Lists, except for one "attorneys' eyes only" copy each, to be held by you and Mitch. Defendants can properly litigate this case if all other copies and extracts of the lists (including those in the possession of Digital Mountain, whom we do not control) are destroyed.

Our other changes were made to ensure that the stipulation also covers all extracts of the Master East List and CISO Prospect Lists.  They also provide for contempt of court if the stipulation is not honored.

Please let us know if we can reach agreement on this basis.  If not, we will need to submit competing Orders to the Court.

Best,

Brian

**From:** Padro, John P <JPadro@goodwinlaw.com>
**Sent:** Friday, June 21, 2024 3:48 PM
**To:** Beckerman, Brian L. <brian.beckerman@pillsburylaw.com>; Mitchell Epner <mepner@kudmanlaw.com>; Taber, Kenneth W. <kenneth.taber@pillsburylaw.com>
**Cc:** Chatterjee, Neel <NChatterjee@goodwinlaw.com>; Smith, Sharon R <SharonSmith@goodwinlaw.com>; Madigan, Sarah M. <sarah.madigan@pillsburylaw.com>
**Subject:** RE: SecurityScorecard, Inc. v. Safe Securities, Inc., Case No. 1:24-cv-04240-ER

Brian,

Please find our revisions to the proposed document stipulation attached (and a comparison to the version you sent).

Given some of our west coast team, could you let us know what would work for you after 3 PM ET on Monday?

Thanks,

John

**From:** Beckerman, Brian L. <brian.beckerman@pillsburylaw.com>
**Sent:** Thursday, June 20, 2024 8:26 PM
**To:** Mitchell Epner <mepner@kudmanlaw.com>; Taber, Kenneth W. <kenneth.taber@pillsburylaw.com>
**Cc:** Padro, John P <JPadro@goodwinlaw.com>; Chatterjee, Neel <NChatterjee@goodwinlaw.com>; Smith, Sharon R <SharonSmith@goodwinlaw.com>; Madigan, Sarah M. <sarah.madigan@pillsburylaw.com>
**Subject:** RE: SecurityScorecard, Inc. v. Safe Securities, Inc., Case No. 1:24-cv-04240-ER

***EXTERNAL***
Mitch and John,

We are available to meet and confer tomorrow morning at 9-10am. Alternatively, if you want to send us your comments in writing tomorrow, we can then meet and confer Monday 9-10am.

Best,
Brian

**From:** Mitchell Epner <mepner@kudmanlaw.com>
**Sent:** Thursday, June 20, 2024 7:09 PM
**To:** Taber, Kenneth W. <kenneth.taber@pillsburylaw.com>
**Cc:** Beckerman, Brian L. <brian.beckerman@pillsburylaw.com>; John Padro (jpadro@goodwinlaw.com) <jpadro@goodwinlaw.com>; nchatterjee@goodwinlaw.com; Sharon R. Smith (sharonsmith@goodwinlaw.com) <sharonsmith@goodwinlaw.com>; Madigan, Sarah M.

<sarah.madigan@pillsburylaw.com>
**Subject:** RE: SecurityScorecard, Inc. v. Safe Securities, Inc., Case No. 1:24-cv-04240-ER

Ken,

Your response taking me to task for my purportedly delayed response to your delayed proposed stipulation would be better taken (but still not particularly well-taken) if it were accompanied by your response to my email of 6/18.

When will you respond to that email, which has now been pending for more than two days and alerted you to what appear to be material misstatements that you made during the hearing on June 13 before Judge Ramos?  I certainly do not want to raise the issue with Judge Ramos without getting your side of the story.  To date, however, you have not only failed to provide your position, but you also have failed to provide a time certain when I can expect your substantive response.

I expect that I will be able to provide you with my substantive response to your proposal tomorrow morning.  I have meetings scheduled during the afternoon, so I will not be available to meet and confer between 2 – 5 pm.  I will make myself before or after that time, or on Monday.  I believe that you will also be receiving the response to the proposed stipulation that you sent to both defendants tomorrow.  I suggest that a single time for a "meet and confer" would be best.

Sincerely,
Mitch


Mitchell Epner
Kudman Trachten Aloe Posner LLP

488 Madison Avenue, 23rd Floor
New York, NY 10022
212.868.3602 (direct)
917.783.8280 (mobile)
mepner@kudmanlaw.com

---

**From:** Taber, Kenneth W. <kenneth.taber@pillsburylaw.com>
**Sent:** Thursday, June 20, 2024 7:01 PM
**To:** Mitchell Epner <mepner@kudmanlaw.com>
**Cc:** Beckerman, Brian L. <brian.beckerman@pillsburylaw.com>; John Padro (jpadro@goodwinlaw.com) <jpadro@goodwinlaw.com>; nchatterjee@goodwinlaw.com; Sharon R. Smith (sharonsmith@goodwinlaw.com) <sharonsmith@goodwinlaw.com>; Madigan, Sarah M. <sarah.madigan@pillsburylaw.com>
**Subject:** Re: SecurityScorecard, Inc. v. Safe Securities, Inc., Case No. 1:24-cv-04240-ER


Mitch,

There is no reason you can't meet and confer with us over such a short document — which you received Tuesday afternoon — before the end of the day tomorrow.   We stand ready to engage with you tomorrow on this subject.

If we do need to write to the Court about this, we have no intention of including your prior correspondence, especially because it addresses wholly extraneous topics. You will surely have an opportunity to craft your own on-point response.

We look forward to meeting and conferring with you tomorrow.

Ken


> On Jun 20, 2024, at 5:17 PM, Mitchell Epner <mepner@kudmanlaw.com> wrote:
>
> Brian,
>
> I am in the process of determining my response to this and your other proposed stipulated order.  I do not think that setting a deadline is productive given (a) that you did not send your proposals until Tuesday afternoon (6/18)  (notwithstanding the fact that the Court instructed you to send a proposal "promptly" at the end of the hearing on Thursday (6/13)), (b) yesterday (6/19) was a federal holiday, and (c) I am still awaiting a response from Mr. Taber regarding the email that I sent on 6/18 (attached), which he stated would take additional time to respond to because of "the holiday today".
>
> I will endeavor to respond at my earliest opportunity.  If you submit your proposal to the court in advance of receiving my response, please attach this correspondence (including the attached 6/18 email notifying Mr. Taber of his duty to correct the misleading record that he appears to have created in his representations to the Court during the 6/13 hearing) along with the statement that "Counsel for Ms. Polyakova informs counsel for SSC that he is not yet in a position to respond, but will do so at his first opportunity".
>
> Sincerely,
> Mitch
>
>
>
> Mitchell Epner
> Kudman Trachten Aloe Posner LLP
>
> 488 Madison Avenue, 23rd Floor
> New York, NY 10022
> 212.868.3602 (direct)
> 917.783.8280 (mobile)
> mepner@kudmanlaw.com

**Kenneth W. Taber** | Partner
Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131
t +1.212.858.1813 | f +1.212.298.8405 | m +1.914.473.7977
kenneth.taber@pillsburylaw.com | website bio

AUSTIN  BEIJING  HONG KONG  HOUSTON  LONDON  LOS ANGELES
MIAMI  NASHVILLE  NEW YORK  NORTHERN VIRGINIA  PALM BEACH
SACRAMENTO  SAN DIEGO  SAN FRANCISCO  SHANGHAI
SILICON VALLEY  TAIPEI  TOKYO  WASHINGTON, DC



**From:** Beckerman, Brian L. <brian.beckerman@pillsburylaw.com>
**Sent:** Thursday, June 20, 2024 5:05 PM
**To:** John Padro (jpadro@goodwinlaw.com) <jpadro@goodwinlaw.com>; Mitchell Epner <mepner@kudmanlaw.com>; nchatterjee@goodwinlaw.com; Sharon R. Smith (sharonsmith@goodwinlaw.com) <sharonsmith@goodwinlaw.com>
**Cc:** Taber, Kenneth W. <kenneth.taber@pillsburylaw.com>; Madigan, Sarah M. <sarah.madigan@pillsburylaw.com>
**Subject:** RE: SecurityScorecard, Inc. v. Safe Securities, Inc., Case No. 1:24-cv-04240-ER

Counsel—

We are following up about our stipulation and proposed order. Unless we have a response from you by 5pm tomorrow, we will advise the Court that our efforts to confer have failed and we will submit the proposed order to the Court in the same form we sent you below this past Tuesday.

Regards,

Brian

**From:** Beckerman, Brian L. <brian.beckerman@pillsburylaw.com>
**Sent:** Tuesday, June 18, 2024 1:32 PM
**To:** John Padro (jpadro@goodwinlaw.com) <jpadro@goodwinlaw.com>; Mitchell Epner <mepner@kudmanlaw.com>; nchatterjee@goodwinlaw.com; Sharon R. Smith (sharonsmith@goodwinlaw.com) <sharonsmith@goodwinlaw.com>
**Cc:** Taber, Kenneth W. <kenneth.taber@pillsburylaw.com>; Madigan, Sarah M. <sarah.madigan@pillsburylaw.com>
**Subject:** SecurityScorecard, Inc. v. Safe Securities, Inc., Case No. 1:24-cv-04240-ER

Counsel—

Pursuant to the Court's directive during the June 13 preliminary injunction hearing, please see attached proposed order with respect to the destruction and sequestration of the Master East List and CISO Prospect Lists.

Please let us know if you have any comments. Pursuant to local rules, we will need a handwritten signature from you.

Regards,

Brian

**Brian L. Beckerman** | Counsel
Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131
t +1.212.858.1228
brian.beckerman@pillsburylaw.com | website bio
<image001.png>
<image002.png>

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

<mime-attachment>

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you

are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

*******************************************************************
This message was sent from Goodwin Procter LLP and is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.
*******************************************************************

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.