

John P. Padro
+1 212 459 7349
JPadro@goodwinlaw.com

Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY  10018

goodwinlaw.com
+1 212 813 8800

July 2, 2024

**VIA ECF**

Hon. Edgardo Ramos
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

**Re**: SecurityScorecard, Inc. v. Safe Securities, Inc., d/b/a Safe Security et al., No. 1:24-cv-04240-ER

Dear Judge Ramos:

I write on behalf of Defendants Safe Securities, Inc. d/b/a Safe Security ("SAFE"), represented by this firm, and Mary Polyakova ("Ms. Polyakova"), separately represented, regarding the stipulation with respect to the three documents discussed at the June 13, 2024 hearing regarding SecurityScorecard, Inc.'s ("SSC") Order to Show Cause for a Temporary Restraining Order and Preliminary Injunction ("Hearing"). At the Hearing, the Court noted that if a stipulation regarding the destruction of the Master East List and CISO Prospect Lists (the "Lists"), could be reached that "will both satisfy the plaintiffs that they have been properly destroyed, and allow the defendants to maintain copies that will allow them to properly litigate this case going forward," it would be so-ordered by the Court. D.I. 56 at 78:12-17; *id.* at 59:5-8.

The parties have spent two weeks attempting to reach agreement on the language of the stipulation, but have been unable to do so. Specifically, SSC insists on including language that is unnecessary or interferes with Defendants ability to litigate this case. Attached hereto as **Exhibit A** is a draft of the stipulation, with the disputed additions by SSC in red font. Below, we address the three issues with respect to the stipulation.[1] Instead, Defendants propose that the Court enter a stipulation excluding the language in red font in Exhibit A, which we have attached hereto as **Exhibit C**.

---

[1] Defendants requested that, in the absence of agreement on the terms of the stipulation, the parties submit a joint letter to the Court outlining the remaining disputes. However, counsel for SSC refused to submit a joint letter. Attached hereto as **Exhibit B** is a true and correct copy of email correspondence between counsel for Ms. Polyakova and counsel for SSC regarding a joint submission.



July 2, 2024
Page 2

**Destruction of Unknown Copies of the Lists**

In paragraph (a), SAFE and SSC agreed on the provision requiring Defendants to permanently destroy all known copies of the Lists, specifically those on Ms. Polyakova's Google Drive repository. However, SSC has now taken the position that SAFE and Ms. Polyakova also delete unidentified copies that are "knowable through reasonable inquiry." *See* Ex. A, ¶ (a). At the Hearing, the parties and the Court only discussed the destruction of known copies of the Lists, i.e., the copies that inadvertently remained in Ms. Polyakova's possession. Indeed, the Court stated that "[t]here is the supposition that Ms. Polyakova could have done something else with the documents prior to the time; they could have been put in a Dropbox or a Box or a drop. But as I stand here, that appears to be pure speculation." D.I. 56 at 53:18-21.

A stipulation requiring SAFE to destroy documents it is plainly unaware of is not only impossible to comply with, but is also inconsistent with the parties and the Court's intent in suggesting a stipulation at the Hearing. SSC has now taken the position that counsel for Defendants have a duty to further determine whether additional copies of the Lists, or any portions thereof, exist. SSC's proposed language is vague and invites disputes that are well-beyond any stipulation discussed at the Hearing, without any factual or legal basis for doing so. For example, what SSC considers a "reasonable inquiry" may be different than what Defendants consider to be a "reasonable inquiry." Such issues only invite unnecessary disputes down the road of this case. Moreover, this request is plainly in the realm of discovery, which has not opened yet pursuant to Rule 26 of the Federal Rules of Civil Procedure.

Given these concerns, Defendants propose that any stipulation and order be limited to the documents they are aware of and were the subject of the stipulation discussed at the Hearing.

**Destruction of Copies by Defendants' Third-Party Vendor, Digital Mountain**

In paragraph (a) of SSC's proposed stipulation, SSC demands that Digital Mountain, the third-party vendor already retained by Defendants to sequester the Lists for preservation and retain the associated metadata for use in this litigation, also delete its copies of the Lists. SSC provides no specific objection or concern about Digital Mountain, and instead appears simply to deprive Defendants from using a vendor retained by litigation counsel that is already familiar with the data. Digital Mountain is a reputable e-Discovery and computer forensics firm that engages with many law firms, companies, and other entities to capture forensically imaged data. Importantly, Digital Mountain is in possession of the "complete forensic image of the materials" that paragraph (b) of the stipulation expressly allows Defendants' counsel to retain.[2] Digital Mountain is personally knowledgeable as to the chain of custody and details of the

---

[2] SSC has not provided any confirmation that it is in possession and intends to produce the Lists with the same relevant metadata. If Digital Mountain were to delete these materials, the forensic image and metadata associated with the Lists would be lost.



July 2, 2024
Page 3


systems collected from and SSC provides no reason that Defendants should be deprived of this continuity, and risk complications in working with another vendor.

In fact, SSC appears to object to Defendants using ***any*** vendor other than requiring that Ms. Polyakova shift to a vendor (as yet unidentified) selected by SSC, and insists that Goodwin Procter LLP cannot use any vendor (including the vendor selected by SSC for Ms. Polyakova) but rather must host the data itself. *See* Ex. A, ¶¶ (b) and (c). This is not only impractical, but seeks to prevent Defendants from using necessary vendors in this case or dictating the vendors Defendants use. This is surprising given that SSC itself has filed the Lists as attachments in this case, without any additional restrictions. *See* D.I. 14.

As counsel for Defendants has explained to counsel for SSC, allowing Digital Mountain to retain the forensic image poses no risk as to disclosure of the materials, as the Lists will be maintained as "attorneys' eyes only," and Digital Mountain is a vendor working at the direction of counsel for Defendants. Counsel for Defendants have further represented to counsel for SSC that Digital Mountain will sign on and thus be admitted under the forthcoming Protective Order, such that Digital Mountain's retention of the forensic image will remain under the confines of "attorneys' eyes only" protections, similar to that of an e-Discovery vendor or expert witness.

As the Court expressly stated at the Hearing, any stipulation should **"allow the defendants to maintain copies that will allow them to properly litigate the case going forward."** D.I. 56 at 78:12-17. Defendants respectfully request that Digital Mountain be allowed to maintain its copy of the forensic image and metadata associated with the Lists, as this information is critical to Defendants' defense.

**<u>Contempt Provision</u>**

In paragraph (f) of SSC's proposed stipulation, SSC requests language stating that "[i]f any of the above representations are or become untrue, . . . Defendants shall be subject to contempt of court, and SSC shall be entitled to apply to this Court for any and all relief from such contempt." *See* Ex. A, ¶ (f). This provision is unnecessary in a stipulation between the parties. At the Hearing, counsel for SSC stated that "in [his] world, a so-ordered by the Court is, in effect, an injunction that comes with contempt of court if, in fact, it's not true." D.I. 56 at 54:17-19. No such finding was made by the Court, and a stipulation resolving the issue with respect to the Lists inadvertently retained by Ms. Polyakova does not require anything more, let alone a vague statement regarding contempt of court. Given that the stipulation will be so-ordered by the Court, nothing in Defendants' proposed stipulation precludes SSC from seeking further relief.

Contempt is a serious charge, and the evidentiary showing necessary for contempt is considerably beyond simply violating a stipulation. SSC's proposal seeks to circumvent all of these requirements in a way which is directly contrary to law and fails to recognize the gravity of a contempt charge.



July 2, 2024
Page 4

Defendants thus respectfully request that the stipulation attached as Exhibit C be so-ordered by the Court, **which excludes** SSC's additional and unnecessary requests (reflected in red font in Exhibit A).

Respectfully submitted,

| GOODWIN PROCTER LLP | KUDMAN TRACTEN ALOE POSNER LLP |
|---|---|
| By: _/s/ John Padro_, <br>     John Padro <br><br> The New York Times Building <br> 620 Eighth Avenue <br> New York, NY 10018 <br><br> Tel:    212.813.8800 <br> E-mail:  jpadro@goodwinlaw.com <br> *Counsel to Defendant Safe Securities, Inc.* | By: _/s/ Mitchell Epner (with permission)_, <br>     Mitchell Epner <br><br> 488 Madison Avenue, 23rd Floor <br> New York, NY 10022 <br><br> Tel:    212.868.1010 <br> E-mail: mepner@kudmanlaw.com <br> *Counsel to Defendant Mary Polyakova* |

cc: All counsel of record via ECF