# EXHIBIT B

| | |
|---|---|
| **From:** | Mitchell Epner |
| **To:** | Taber, Kenneth W. |
| **Cc:** | Madigan, Sarah M.; Padro, John P; Beckerman, Brian L.; DG-GP-SAFE-SSC |
| **Subject:** | Re: SecurityScorecard, Inc. v. Safe Securities, Inc., Case No. 1:24-cv-04240-ER |
| **Date:** | Sunday, June 30, 2024 6:35:29 PM |

***EXTERNAL***

Ken,

I do not believe that it is "premature" to seek the Court's guidance on how to present a dispute. In the absence of an agreement to submit a joint letter, I will write to the Court, attaching this exchange as an exhibit.

Please show the professionalism and decorum to agree to submit a joint letter, in the absence of a stipulated proposed order.

Sincerely,
Mitch

Get Outlook for iOS

---

**From:** Taber, Kenneth W. <kenneth.taber@pillsburylaw.com>
**Sent:** Sunday, June 30, 2024 6:31:48 PM
**To:** Mitchell Epner <mepner@kudmanlaw.com>
**Cc:** Madigan, Sarah M. <sarah.madigan@pillsburylaw.com>; Padro, John P <JPadro@goodwinlaw.com>; Beckerman, Brian L. <brian.beckerman@pillsburylaw.com>; DG-GP-SAFE-SSC <DG-GP-SAFE-SSC@goodwinlaw.com>
**Subject:** Re: SecurityScorecard, Inc. v. Safe Securities, Inc., Case No. 1:24-cv-04240-ER

Mitch,

It is premature to write to the Court until we know whether Pillsbury and Goodwin can reach agreement on the first stipulation. We await Goodwin's response to our Friday communication to learn whether agreement is possible.

Best,
Ken

> On Jun 30, 2024, at 6:19 PM, Mitchell Epner <mepner@Kudman law.com> wrote:
>
>
> Ken,
>
> It is not an ad hominem attack to note that you made false statements to the court. In fact, you have admitted as much.
>
> Not is it an ad hominem attack to note that your refusal to submit a joint letter is unprofessional. I do not understand the basis on which you arrogate to yourself the right to make the first submission to the Court.
>
> In the absence of your climbing down from your refusal, I reserve the right to send a letter to the Court this evening asking for guidance on the procedure to be followed. These emails will be an exhibit.
>
> I will not submit the substantive dispute without guidance from the Court.
>
> Sincerely,
> Mitch
>
> Get Outlook for iOS
>
> ---
> **From:** Taber, Kenneth W. <kenneth.taber@pillsburylaw.com>
> **Sent:** Sunday, June 30, 2024 6:13:59 PM
> **To:** Mitchell Epner <mepner@kudmanlaw.com>
> **Cc:** Madigan, Sarah M. <sarah.madigan@pillsburylaw.com>; Padro, John P <JPadro@goodwinlaw.com>;

Beckerman, Brian L. <brian.beckerman@pillsburylaw.com>; DG-GP-SAFE-SSC <DG-GP-SAFE-SSC@goodwinlaw.com>
**Subject:** Re: SecurityScorecard, Inc. v. Safe Securities, Inc., Case No. 1:24-cv-04240-ER

Mitch,

There is nothing even remotely "unprofessional" in parties submitting correspondence to the Court seriatim.

This is also now perhaps the third time you have accused me of unprofessionalism and it's frankly becoming a little much. Let's try to stick to the merits here and avoid *ad hominem* attacks.

Thanks,
Ken

> On Jun 30, 2024, at 6:07 PM, Mitchell Epner <mepner@kudmanlaw.com> wrote:

> Ken,

> Your refusal to submit a joint letter will be noted to the Court. Perhaps that will lead to yet another apology that you will be required to submit to the Court.

> Your discourtesy is both unprofessional and unproductive.

> Sincerely,
> Mitch

> Get Outlook for iOS

> **From:** Taber, Kenneth W. <kenneth.taber@pillsburylaw.com>
> **Sent:** Sunday, June 30, 2024 6:04 PM
> **To:** Mitchell Epner <mepner@kudmanlaw.com>
> **Cc:** Madigan, Sarah M. <sarah.madigan@pillsburylaw.com>; Padro, John P <JPadro@goodwinlaw.com>; Beckerman, Brian L. <brian.beckerman@pillsburylaw.com>; DG-GP-SAFE-SSC <DG-GP-SAFE-SSC@goodwinlaw.com>
> **Subject:** Re: SecurityScorecard, Inc. v. Safe Securities, Inc., Case No. 1:24-cv-04240-ER

> Mitch,

> Depending on what we hear from Goodwin, we will either reach a deal on the first stipulation or not.  If we do not, we intend to make a submission to the Court on our own.  Defendants can then respond.

> Best,
> Ken

>> On Jun 30, 2024, at 5:59 PM, Mitchell Epner <mepner@kudmanlaw.com> wrote:

>> Ken,

>> I believe that both defendants have noted that the appropriate procedure, if the parties cannot reach agreement, is to submit a joint letter with each party setting forth its position.

Is SSC refusing to participate in such a joint letter?

Sincerely,
Mitch

Get Outlook for iOS

---

**From:** Taber, Kenneth W. <kenneth.taber@pillsburylaw.com>
**Sent:** Sunday, June 30, 2024 5:56:46 PM
**To:** Mitchell Epner <mepner@kudmanlaw.com>
**Cc:** Madigan, Sarah M. <sarah.madigan@pillsburylaw.com>; Padro, John P <JPadro@goodwinlaw.com>; Beckerman, Brian L. <brian.beckerman@pillsburylaw.com>; DG-GP-SAFE-SSC <DG-GP-SAFE-SSC@goodwinlaw.com>
**Subject:** Re: SecurityScorecard, Inc. v. Safe Securities, Inc., Case No. 1:24-cv-04240-ER

Mitch,

Thank you for that explanation.  We are, of course, still waiting for Goodwin's response to our letter on the first stipulation.  That will then determine next steps.

Best,
Ken

> On Jun 30, 2024, at 5:53 PM, Mitchell Epner <mepner@kudmanlaw.com> wrote:
>
>
> Ken,
>
> Since the second stipulation references the first stipulation, which does not currently exist, we do not have a second stipulation.
>
> I have no additional suggested edits to the second stipulation, other than noting that I do not believe it can be submitted in its current form.
>
> If we do not reach a first stipulation, I will need to see what the court rules before having the ability to determine whether the current language of the second stipulation is acceptable.
>
> Sincerely,
> Mitch
>
> Get Outlook for iOS
> _____
> **From:** Taber, Kenneth W. <kenneth.taber@pillsburylaw.com>
> **Sent:** Sunday, June 30, 2024 5:49:09 PM
> **To:** Mitchell Epner <mepner@kudmanlaw.com>
> **Cc:** Madigan, Sarah M. <sarah.madigan@pillsburylaw.com>; Padro, John P <JPadro@goodwinlaw.com>; Beckerman, Brian L. <brian.beckerman@pillsburylaw.com>; DG-GP-SAFE-SSC <DG-GP-SAFE-SSC@goodwinlaw.com>
> **Subject:** Re: SecurityScorecard, Inc. v. Safe Securities, Inc., Case No. 1:24-cv-04240-ER
>
> Mitch,

Let me try to be clear:  do you have any changes to the second stipulation or is the language we last sent you for that stipulation now agreed upon by the parties?

I understand that you think the two stipulations are connected, and you are certainly free to tell the Court that. But I need to tell the Court whether there remain any differences between the parties on the language of the second stipulation. I think the answer is no.

Best,
Ken

> On Jun 30, 2024, at 5:41 PM, Mitchell Epner <mepner@kudmanlaw.com> wrote:
>
> Ken,
>
> I meant the words that I wrote.
>
> Any communication with the court should be a joint letter, with each side presenting its position.  To the extent that you act in contradiction of this procedure, I request that you include this exchange as part of your (improper) submission.
>
> Sincerely,
> Mitch
>
>
> Get Outlook for iOS
>
> ---
>
> **From:** Taber, Kenneth W. <kenneth.taber@pillsburylaw.com>
> **Sent:** Sunday, June 30, 2024 5:37:27 PM
> **To:** Mitchell Epner <mepner@kudmanlaw.com>
> **Cc:** Madigan, Sarah M. <sarah.madigan@pillsburylaw.com>; Padro, John P <JPadro@goodwinlaw.com>; Beckerman, Brian L. <brian.beckerman@pillsburylaw.com>; DG-GP-SAFE-SSC <DG-GP-SAFE-SSC@goodwinlaw.com>
> **Subject:** Re: SecurityScorecard, Inc. v. Safe Securities, Inc., Case No. 1:24-cv-04240-ER
>
> Thanks, Mitch.  If we need to write to the Court about the first stipulation, we will enclose the second stipulation as well, and will advise the Court that we have at least reached agreement on the second stipulation.  If that's not what you intend by your message below, though, please let us know.
>
> Best,
> Ken
>
> > On Jun 30, 2024, at 4:03 PM, Mitchell Epner <mepner@kudmanlaw.com> wrote:

Ken,

As the second stipulation cross-references the first stipulation, there can be no agreement until everything is agreed upon. I have no further comments on the second stipulation.

Sincerely,
Mitch

Mitchell Epner

Kudman Trachten Aloe Posner LLP

488 Madison Avenue, 23rd Floor

New York, NY 10022

212.868.3602 (direct)

917.783.8280 (mobile)

mepner@kudmanlaw.com

---

**From:** Taber, Kenneth W. <kenneth.taber@pillsburylaw.com>
**Sent:** Thursday, June 27, 2024 11:06 PM
**To:** Mitchell Epner <mepner@kudmanlaw.com>
**Cc:** Madigan, Sarah M. <sarah.madigan@pillsburylaw.com>; Padro, John P <JPadro@goodwinlaw.com>; Beckerman, Brian L. <brian.beckerman@pillsburylaw.com>; DG-GP-SAFE-SSC <DG-GP-SAFE-SSC@goodwinlaw.com>
**Subject:** Re: SecurityScorecard, Inc. v. Safe Securities, Inc., Case No. 1:24-cv-04240-ER

Mitch,

Do we have agreement on the second stipulation?

Ken

> On Jun 27, 2024, at 11:01 PM, Mitchell Epner <mepner@kudmanlaw.com> wrote:
>
> This has moved further away

from being acceptable to Ms.
Polyakova.

Get Outlook for iOS

**From:** Madigan, Sarah M.
<sarah.madigan@pillsburylaw.com>
**Sent:** Thursday, June 27, 2024
10:48:07 PM
**To:** Padro, John P
<JPadro@goodwinlaw.com>;
Beckerman, Brian L.
<brian.beckerman@pillsburylaw.com>
**Cc:** Taber, Kenneth W.
<kenneth.taber@pillsburylaw.com>;
Mitchell Epner
<mepner@kudmanlaw.com>;
DG-GP-SAFE-SSC <DG-GP-SAFE-
SSC@goodwinlaw.com>
**Subject:** RE: SecurityScorecard,
Inc. v. Safe Securities, Inc., Case
No. 1:24-cv-04240-ER

John,

Please find attached our
revisions to your draft, in clean
with a redline marked against
your draft.

Please let us know if we can
reach agreement on this draft.

Best,
Sarah

**Sarah M. Madigan** | Associate
Pillsbury Winthrop Shaw Pittman
LLP
31 West 52nd Street | New York,
NY 10019-6131
t +1.212.858.1169
sarah.madigan@pillsburylaw.com
| website bio

**From:** Padro, John P
<JPadro@goodwinlaw.com>
**Sent:** Thursday, June 27, 2024
5:13 PM
**To:** Beckerman, Brian L.
<brian.beckerman@pillsburylaw.com>

**Cc:** Taber, Kenneth W.
<kenneth.taber@pillsburylaw.com>;
Madigan, Sarah M.
<sarah.madigan@pillsburylaw.com>;
Mitchell Epner
<mepner@kudmanlaw.com>;
DG-GP-SAFE-SSC <DG-GP-SAFE-
SSC@goodwinlaw.com>
**Subject:** RE: SecurityScorecard,
Inc. v. Safe Securities, Inc., Case
No. 1:24-cv-04240-ER

Brian,

Please find our revisions to the
proposed document
stipulation attached (our edits
are in track).  There are also a
few questions and comments
in the draft.  Please review and
let us know your position.

Thanks,

**John Padro**

Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
o  +1 212 459 7349
f  +1 212 428 6751
JPadro@goodwinlaw.com

<image001.png>

<image002.png>

<image003.png>

<image004.png>

<image005.png>

---

**From:** Beckerman, Brian L.
<brian.beckerman@pillsburylaw.com>
**Sent:** Saturday, June 22, 2024
8:06 AM
**To:** Padro, John P
<JPadro@goodwinlaw.com>;
Mitchell Epner
<mepner@kudmanlaw.com>;
Taber, Kenneth W.
<kenneth.taber@pillsburylaw.com>
**Cc:** Chatterjee, Neel
<NChatterjee@goodwinlaw.com>;
Smith, Sharon R
<SharonSmith@goodwinlaw.com>;
Madigan, Sarah M.
<sarah.madigan@pillsburylaw.com>

**Subject:** RE: SecurityScorecard, Inc. v. Safe Securities, Inc., Case No. 1:24-cv-04240-ER

\*\*\*EXTERNAL\*\*\*
John,

Please see attached our revised Stipulation and Proposed Order, and a redline marked against the version you sent yesterday afternoon.

As we explained to the Court during the June 13 hearing, we are amenable to a stipulation that provides: "Number one, that all copies of these materials have been destroyed except for, number two, the copies that are in the possession of the lawyers for purposes of litigating the case; and number three, that there's a representation by both SAFE and by Ms. Polyakova that there are no other copies extant of these documents; and that all of that is so-ordered by the Court. That would not be difficult and would solve part of why we're here. Because in my world, a so-ordered by the Court is, in effect, an injunction that comes with contempt of court if, in fact, it's not true. And so that we would be able to live with as it relates to those documents." June 13 Hr'g Tr. at 54:4-20.

Your proposed changes eliminated key predicates for any such stipulation, including the destruction of all copies of the Master East List and CISO Prospect Lists, except for one "attorneys' eyes only" copy each, to be held by you and Mitch. Defendants can properly litigate this case if all other copies and extracts of the lists (including those in the possession of Digital Mountain, whom we do not control) are destroyed.

Our other changes were made to ensure that the stipulation also covers all extracts of the Master East List and CISO Prospect Lists.  They also

provide for contempt of court if the stipulation is not honored.

Please let us know if we can reach agreement on this basis. If not, we will need to submit competing Orders to the Court.

Best,

Brian

---

**From:** Padro, John P <JPadro@goodwinlaw.com>
**Sent:** Friday, June 21, 2024 3:48 PM
**To:** Beckerman, Brian L. <brian.beckerman@pillsburylaw.com>; Mitchell Epner <mepner@kudmanlaw.com>; Taber, Kenneth W. <kenneth.taber@pillsburylaw.com>
**Cc:** Chatterjee, Neel <NChatterjee@goodwinlaw.com>; Smith, Sharon R <SharonSmith@goodwinlaw.com>; Madigan, Sarah M. <sarah.madigan@pillsburylaw.com>
**Subject:** RE: SecurityScorecard, Inc. v. Safe Securities, Inc., Case No. 1:24-cv-04240-ER


Brian,

Please find our revisions to the proposed document stipulation attached (and a comparison to the version you sent).

Given some of our west coast team, could you let us know what would work for you after 3 PM ET on Monday?

Thanks,

John

---

**From:** Beckerman, Brian L. <brian.beckerman@pillsburylaw.com>
**Sent:** Thursday, June 20, 2024 8:26 PM
**To:** Mitchell Epner

<[mepner@kudmanlaw.com](mailto:mepner@kudmanlaw.com)>;
Taber, Kenneth W.
<[kenneth.taber@pillsburylaw.com](mailto:kenneth.taber@pillsburylaw.com)>
**Cc:** Padro, John P
<[JPadro@goodwinlaw.com](mailto:JPadro@goodwinlaw.com)>;
Chatterjee, Neel
<[NChatterjee@goodwinlaw.com](mailto:NChatterjee@goodwinlaw.com)>;
Smith, Sharon R
<[SharonSmith@goodwinlaw.com](mailto:SharonSmith@goodwinlaw.com)>;
Madigan, Sarah M.
<[sarah.madigan@pillsburylaw.com](mailto:sarah.madigan@pillsburylaw.com)>
**Subject:** RE: SecurityScorecard,
Inc. v. Safe Securities, Inc., Case
No. 1:24-cv-04240-ER

***EXTERNAL***
Mitch and John,

We are available to meet and
confer tomorrow morning at 9-
10am. Alternatively, if you
want to send us your
comments in writing
tomorrow, we can then meet
and confer Monday 9-10am.

Best,
Brian

---

**From:** Mitchell Epner
<[mepner@kudmanlaw.com](mailto:mepner@kudmanlaw.com)>
**Sent:** Thursday, June 20, 2024
7:09 PM
**To:** Taber, Kenneth W.
<[kenneth.taber@pillsburylaw.com](mailto:kenneth.taber@pillsburylaw.com)>
**Cc:** Beckerman, Brian L.
<[brian.beckerman@pillsburylaw.com](mailto:brian.beckerman@pillsburylaw.com)>;
John Padro
([jpadro@goodwinlaw.com](mailto:jpadro@goodwinlaw.com))
<[jpadro@goodwinlaw.com](mailto:jpadro@goodwinlaw.com)>;
[nchatterjee@goodwinlaw.com](mailto:nchatterjee@goodwinlaw.com);
Sharon R. Smith
([sharonsmith@goodwinlaw.com](mailto:sharonsmith@goodwinlaw.com))
<[sharonsmith@goodwinlaw.com](mailto:sharonsmith@goodwinlaw.com)>;
Madigan, Sarah M.
<[sarah.madigan@pillsburylaw.com](mailto:sarah.madigan@pillsburylaw.com)>
**Subject:** RE: SecurityScorecard,
Inc. v. Safe Securities, Inc., Case
No. 1:24-cv-04240-ER

Ken,

Your response taking me to
task for my purportedly
delayed response to your
delayed proposed stipulation

would be better taken (but still not particularly well-taken) if it were accompanied by your response to my email of 6/18.

When will you respond to that email, which has now been pending for more than two days and alerted you to what appear to be material misstatements that you made during the hearing on June 13 before Judge Ramos?  I certainly do not want to raise the issue with Judge Ramos without getting your side of the story.  To date, however, you have not only failed to provide your position, but you also have failed to provide a time certain when I can expect your substantive response.

I expect that I will be able to provide you with my substantive response to your proposal tomorrow morning.  I have meetings scheduled during the afternoon, so I will not be available to meet and confer between 2 – 5 pm.  I will make myself before or after that time, or on Monday.  I believe that you will also be receiving the response to the proposed stipulation that you sent to both defendants tomorrow.  I suggest that a single time for a "meet and confer" would be best.

Sincerely,
Mitch

Mitchell Epner
Kudman Trachten Aloe
Posner LLP
488 Madison Avenue, 23rd Floor
New York, NY 10022
212.868.3602 (direct)
917.783.8280 (mobile)

mepner@kudmanlaw.com

---

**From:** Taber, Kenneth W.
<kenneth.taber@pillsburylaw.com>
**Sent:** Thursday, June 20, 2024
7:01 PM
**To:** Mitchell Epner
<mepner@kudmanlaw.com>
**Cc:** Beckerman, Brian L.
<brian.beckerman@pillsburylaw.com>;
John Padro
(jpadro@goodwinlaw.com)
<jpadro@goodwinlaw.com>;
nchatterjee@goodwinlaw.com;
Sharon R. Smith
(sharonsmith@goodwinlaw.com)
<sharonsmith@goodwinlaw.com>;
Madigan, Sarah M.
<sarah.madigan@pillsburylaw.com>
**Subject:** Re: SecurityScorecard,
Inc. v. Safe Securities, Inc., Case
No. 1:24-cv-04240-ER

Mitch,

There is no reason you can't
meet and confer with us over
such a short document — which
you received Tuesday afternoon
— before the end of the day
tomorrow.   We stand ready to
engage with you tomorrow on
this subject.

If we do need to write to the
Court about this, we have no
intention of including your prior
correspondence, especially
because it addresses wholly
extraneous topics. You will surely
have an opportunity to craft your
own on-point response.

We look forward to meeting and
conferring with you tomorrow.

Ken

On Jun 20, 2024, at
5:17 PM, Mitchell

Epner
<[mepner@kudmanlaw.com](mailto:mepner@kudmanlaw.com)>
wrote:

Brian,

I am in the process of determining my response to this and your other proposed stipulated order.  I do not think that setting a deadline is productive given (a) that you did not send your proposals until Tuesday afternoon (6/18) (notwithstanding the fact that the Court instructed you to send a proposal "promptly" at the end of the hearing on Thursday (6/13)), (b) yesterday (6/19) was a federal holiday, and (c) I am still awaiting a response from Mr. Taber regarding the email that I sent on 6/18 (attached), which he stated would take additional time to respond to because of "the holiday today".

I will endeavor to respond at my earliest opportunity.  If you submit your proposal to the court in advance of receiving my response, please

attach this correspondence (including the attached 6/18 email notifying Mr. Taber of his duty to correct the misleading record that he appears to have created in his representations to the Court during the 6/13 hearing) along with the statement that "Counsel for Ms. Polyakova informs counsel for SSC that he is not yet in a position to respond, but will do so at his first opportunity".

Sincerely,
Mitch


Mitchell Epner
Kudman Trachten Aloe Posner LLP
488 Madison Avenue, 23rd Floor
New York, NY 10022
212.868.3602 (direct)
917.783.8280 (mobile)
mepner@kudmanlaw.com


**Kenneth W. Taber** | Partner
Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131

t +1.212.858.1813 | f
+1.212.298.8405 | m
+1.914.473.7977
kenneth.taber@pillsburylaw.com
| website bio
<image006.png>

<image007.png>

---

**From:** Beckerman, Brian L. <brian.beckerman@pillsburylaw.com>
**Sent:** Thursday, June 20, 2024 5:05 PM
**To:** John Padro (jpadro@goodwinlaw.com) <jpadro@goodwinlaw.com>; Mitchell Epner <mepner@kudmanlaw.com>; nchatterjee@goodwinlaw.com; Sharon R. Smith (sharonsmith@goodwinlaw.com) <sharonsmith@goodwinlaw.com>
**Cc:** Taber, Kenneth W. <kenneth.taber@pillsburylaw.com>; Madigan, Sarah M. <sarah.madigan@pillsburylaw.com>
**Subject:** RE: SecurityScorecard, Inc. v. Safe Securities, Inc., Case No. 1:24-cv-04240-ER

Counsel—

We are following up about our stipulation and proposed order. Unless we have a response from you by 5pm tomorrow, we will advise the Court that our efforts to confer have failed and we will submit the proposed order to the Court in the same form we sent you below this past Tuesday.

Regards,

Brian

---

**From:** Beckerman,
Brian L.
<brian.beckerman@pillsburylaw.com>
**Sent:** Tuesday, June
18, 2024 1:32 PM
**To:** John Padro
(jpadro@goodwinlaw.com)
<jpadro@goodwinlaw.com>;
Mitchell Epner
<mepner@kudmanlaw.com>;
nchatterjee@goodwinlaw.com;
Sharon R. Smith
(sharonsmith@goodwinlaw.com)
<sharonsmith@goodwinlaw.com>
**Cc:** Taber, Kenneth
W.
<kenneth.taber@pillsburylaw.com>;
Madigan, Sarah M.
<sarah.madigan@pillsburylaw.com>
**Subject:**
SecurityScorecard,
Inc. v. Safe
Securities, Inc.,
Case No. 1:24-cv-
04240-ER

Counsel—

Pursuant to the
Court's directive
during the June 13
preliminary
injunction hearing,
please see attached
proposed order
with respect to the
destruction and
sequestration of
the Master East
List and CISO
Prospect Lists.

Please let us know
if you have any
comments.
Pursuant to local
rules, we will need
a handwritten
signature from
you.

Regards,

Brian

**Brian L. Beckerman** | Counsel

Pillsbury Winthrop Shaw Pittman LLP

31 West 52nd Street | New York, NY 10019-6131

t +1.212.858.1228

brian.beckerman@pillsburylaw.com | website bio

<image001.png>

<image002.png>

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the

Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

<mime-attachment>

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in

error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any

employee of Pillsbury
Winthrop Shaw Pittman.
Thank you.

*********************************************************************
This message was sent from
Goodwin Procter LLP and is
intended only for the
designated recipient(s). It
may contain confidential or
proprietary information and
may be subject to the
attorney-client privilege or
other confidentiality
protections. If you are not a
designated recipient, you
may not review, copy or
distribute this message. If
you receive this in error,
please notify the sender by
reply e-mail and delete this
message. Thank you.
*********************************************************************

The contents of this
message, together with any
attachments, are intended
only for the use of the
individual or entity to which
they are addressed and may
contain information that is
legally privileged,
confidential and exempt
from disclosure. If you are
not the intended recipient,
you are hereby notified that
any dissemination,
distribution, or copying of
this message, or any
attachment, is strictly
prohibited. If you have
received this message in
error, please notify the
original sender or the
Pillsbury Winthrop Shaw

Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please

notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.


The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.


The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.


The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.


The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.