UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITYSCORECARD, INC., <br><br> Plaintiff, <br><br> -against- <br><br> SAFE SECURITIES, INC. d/b/a SAFE SECURITY and MARY POLYAKOVA, <br><br> Defendants. | Case No. 24-cv-04240-ER <br><br> **STIPULATION AND** ~~**PROPOSED**~~ **ORDER** |

THIS MATTER, having been opened to the Court by Plaintiff SecurityScorecard, Inc.'s ("SSC") Order to Show Cause dated June 4, 2024;

WHEREAS, on June 4, 2024, this Court entered an Order to Show Cause why a preliminary injunction should not issue and scheduled a hearing for June 13, 2024;

WHEREAS, on June 8, 2024, Defendant Mary Polyakova ("Polyakova") was served with the Complaint and Summons in this matter;

WHEREAS, on June 10, 2024, counsel for Defendant Safe Securities, Inc. *d/b/a* Safe Security ("SAFE," together with Polyakova, "Defendants") accepted service of the Complaint and Summons in this matter on behalf of SAFE;

WHEREAS, on June 12, 2024, SSC's Order to Show Cause for Temporary Restraining Order and Preliminary Injunction ("OSC") was fully briefed; and

WHEREAS, on June 13, 2024, the Court conducted a hearing on the OSC and directed counsel for the parties, *inter alia*, to meet and confer regarding a resolution with respect to the destruction and sequestration of the Master East List and CISO Prospect Lists, as defined in SSC's Complaint, Dkt. 1;

WHEREAS, counsel for the parties have so conferred;

**IT IS HEREBY ORDERED**, that:

(a) Except as provided below, counsel for Polyakova and SAFE will ensure that all known versions of the Master East List and CISO Prospect Lists (the "Lists"), specifically those on Polyakova's Google Drive repository, will be permanently destroyed within 72 hours of the date hereof. This destruction will include (i) any and all known physical and electronic copies of the Lists, in whole or in part, thereof, (ii) any and all known portions thereof that have been extracted, reproduced, included, or referenced within other documents, and (iii) any and all known versions of the foregoing, in the possession, custody or control of the Defendants or the Defendants' affiliates;

(b) For the purposes of discovery and use in this case, Defendants' counsel shall be permitted to retain and use a complete forensic image of the materials imaged from Ms. Polyakova's computer systems and online repositories, which may include copies of the Lists and associated metadata with regard to those documents. These copies will be maintained by counsel for Polyakova and SAFE, or any of their agents designated by counsel, including but not limited to Digital Mountain, and access will be limited to counsel in this matter on an "attorneys' eyes only" basis, unless otherwise provided by order of this Court;

(c) Copies in the possession, custody and control of counsel for Defendants shall be kept on an "attorneys' eyes only" basis and shall be used solely by counsel of record and their support staff for the prosecution and defense of this action and any appeals thereto, and shall not be used or disclosed for any other purpose

or in any other manner. Such documents and information shall be subject to a forthcoming protective order governing the exchange of confidential and highly confidential material, to be agreed upon by the parties and entered by the Court;

(d) Within 10 days of the final disposition of this action—including all appeals—all known versions, including all copies and portions thereof, of the Lists in the possession, custody and control of counsel for Defendants shall be destroyed, and counsel for Defendants shall certify such destruction by submitting a written certification to counsel for SSC that affirms they have not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing the Lists. Notwithstanding this provision, the undersigned counsel may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials reference portions of the Lists. Any such archival copies that contain or constitute such material shall remain "attorneys' eyes only" and subject to this Order as well as a forthcoming protective order governing the exchange of confidential and highly confidential material, to be agreed upon by the parties and entered by the Court;

(e) Nothing contained in this Order, however, will affect or restrict the rights of SSC with respect to the Lists or preclude Defendants from using the forensic materials collected in connection with this case;

(f) This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order; and

(g) This Court will retain jurisdiction over Defendants to the extent necessary to enforce any obligations arising hereunder.

[signature page follows]

SO STIPULATED AND AGREED.

| | |
|---|---|
| **PILLSBURY WINTHROP SHAW PITTMAN LLP** | **GOODWIN PROCTER LLP** |
| By: */s/*_____<br>Kenneth W. Taber<br>Brian L. Beckerman<br>Sarah M. Madigan<br>31 West 52nd Street<br>New York, NY 10019<br>Tel: (212) 858-1000<br>Fax: (212) 858-1500<br>kenneth.taber@pillsburylaw.com<br>brian.backerman@pillsburylaw.com<br>sarah.madigan@pillsburylaw.com | By: */s/*_____<br>John Padro<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY 10018<br>Tel: (212) 459-7349<br>Fax: (212) 428-6751<br>JPadro@goodwinlaw.com<br><br>*Attorneys for Defendant Safe Securities, Inc. d/b/a Safe Security* |
| *Attorneys for Plaintiff SecurityScorecard, Inc.* | **KUDMAN TRACHTEN ALOE POSNER LLP**<br><br>By: */s/*_____<br>Mitchell Epner<br>448 Madison Avenue, 23rd Floor<br>New York, NY 10022<br>mepner@kudmanlaw.com<br><br>*Attorneys for Defendant Mary Polyakova* |

IT IS SO ORDERED, this __8__ day of July, 2024.

_____
HON. EDGARDO RAMOS, U.S.D.J.

Dated: July _8_, 2024
        New York, NY