
John P. Padro  
+1 212 459 7349  
JPadro@goodwinlaw.com

Goodwin Procter LLP  
The New York Times Building  
620 Eighth Avenue  
New York, NY 10018

goodwinlaw.com  
+1 212 813 8800

July 25, 2024

**VIA ECF**

Hon. Edgardo Ramos  
United States District Judge  
Thurgood Marshall United States Courthouse  
40 Foley Square  
New York, New York 10007

Re:   *SecurityScorecard, Inc. v. Safe Securities, Inc., d/b/a Safe Security et al.*, No. 1:24-cv-04240-ER – Request for Pre-Motion Conference Regarding Anticipated Motion to Dismiss

Dear Judge Ramos:

We write on behalf of Defendant Safe Securities, Inc. ("SAFE"). Pursuant to the Court's Individual Practices, Rule 2.A.ii, SAFE respectfully requests a pre-motion conference in connection with SAFE's anticipated Rule 12(b)(6) motion to dismiss certain claims in Plaintiff SecurityScorecard, Inc.'s ("SSC"). Complaint. SAFE specifically seeks dismissal of SSC's claims for injunctive relief (Count 1), trade secret misappropriation (Counts 2 and 3), tortious interference (Count 5), and unfair competition (Count 6). As was evident during the June 13, 2024 preliminary injunction hearing, SSC's allegations are based only on unsubstantiated conjecture. SSC's complaint suffers from the same defects. As a result, SSC has failed to state a claim on a number of causes of action.

1. <u>SSC's Injunctive Relief Claim (Claim 1) is Improper</u>

SSC asserts a standalone "cause of action" for temporary, preliminary, and permanent injunctive relief. D.I. 1 ¶¶ 91-100. However, injunctions "are remedies, not causes of action," and this alleged cause of action is improper. *See, e.g.*, *Miller v. Wells Fargo Bank, N.A.*, 994 F. Supp. 2d 542, 558 (S.D.N.Y. 2014).

2. <u>SSC's Trade Secret Misappropriation Claims (Claims 2 and 3) are Legally Insufficient</u>

*First*, SSC's trade secret misappropriation claims fail to state a claim, as they are based only on conclusory allegations and not on any facts. *See Citizens United v. Schneiderman*, 882 F.3d 374, 384 (2d. Cir. 2018) (affirming dismissal; "[a] litigant cannot merely plop 'upon information and belief' in front of a conclusory allegation and thereby render it non-conclusory"). Misappropriation requires that the defendant used, disclosed, or acquired an alleged trade secret by improper means. SSC has not alleged any specific allegation *against SAFE* that supports such a finding (as opposed to SSC's distinct allegations against individual defendant Ms. Polyakova). Instead, every allegation directed towards SAFE's alleged



July 25, 2024
Page 2

misappropriation is made solely "upon information and belief" without any factual support. D.I. 1 at ¶¶ 84, 108-110, 121-123. This is improper. *See Ad Lightning Inc. v. Clean.io, Inc.*, No. 19-cv-7367-JPO, 2020 WL 4570047, at *3 (S.D.N.Y. Aug. 7, 2020) (dismissing trade secret claim where allegations of misappropriation were conclusory and lacked factual support); *see also MedQuest Ltd. v. Rosa*, No. 21-cv-5307-PGG, 2023 WL 2575051, at *6-7 (S.D.N.Y. Mar. 20, 2023) (dismissing trade secret claim where allegations required inferring the trade secret had been or will be misappropriated).

*Second*, SSC's misappropriation claims are impermissibly vague, as they purport to include other unidentified confidential information and trade secrets beyond the two lists. SSC vaguely asserts that its alleged trade secrets "***include*** the Master East List and the CISO Prospect Lists." D.I. 1 ¶ 102 (emphasis added); *see also id.* ¶ 114 ("SSC possesses the trade secrets and confidential and proprietary information detailed herein, including the Master East List and CISO Prospect Lists."). But SSC does not actually identify any other trade secret or confidential or proprietary information beyond the Lists with any particularity. "[A] complaint that only claims general categories of information and data as trade secrets does not state a claim under the DTSA because it does not adequately put the defendant on sufficient notice of the contours of the claim for misappropriation." *TRB Acquisitions LLC v. Yedid*, No. 20-cv-00552-JMF, 2021 WL 293122, at *2 (S.D.N.Y. Jan. 28, 2021) (cleaned up); *Aira Jewels, LLC v. Mondrian Collection, LLC,* No. 23-cv-04510-JLR, 2024 WL 1255798, at *4 (S.D.N.Y. Mar. 25, 2024); *see also Alexander Interactive, Inc. v. Leisure Pro Ltd.*, No. 14-cv-2796-PKC, 2014 WL 4651942, at *5 (S.D.N.Y. Sept. 16, 2014) (misappropriation claim under New York law "requires, at minimum, that the plaintiff generally identify the trade secrets at issue"). Because SSC cannot identify any other alleged trade secrets or confidential information, any claim for their misappropriation fails. *See Elsevier Inc. v Dr. Evidence, LLC,* No. 17-cv-5540-KBF, 2018 WL 557906, at *6 (S.D.N.Y. Jan. 23, 2018) ("While DRE need not plead the trade secret with specificity in the complaint, it must do more than simply list general categories of information.") (cleaned up).

*Third*, by SSC's own admissions, the two CISO Prospect Lists are not trade secrets. SSC alleges that the CISO Prospect Lists contain "detailed confidential information about over 200 CISO (Chief Information Security Officer)-level SSC prospects, and the individual contacts at each such prospect, information compiled by SSC as a way to track invites and RSVPs to two business development events." D.I. 1 ¶ 13. However, it is well-settled that lists of prospective customers compiled from attending networking events do not constitute trade secrets. *See MedQuest*, 2023 WL 2575051, at *4 (dismissing claim because prospects list could be readily ascertained).

    3. <u>SSC's Tortious Interference Claim (Claim 5) is Conclusory and Unsupported</u>

SSC's tortious interference claim must also be dismissed. It too is rooted only in conclusory allegations, again based "upon information and belief." SSC alleges that, "upon information and belief, SAFE had full knowledge of the existence of the Employment Agreement between Ms. Polyakova and SSC," and "tortiously interfered with them by, upon information and belief, encouraging and facilitating the


July 25, 2024
Page 3

misappropriation of SSC trade secrets and confidential and proprietary information[.]" D.I. 1 ¶¶ 134, 135. SSC fails to allege any facts supporting SAFE's knowledge of the terms of Ms. Polyakova and SSC's contract, or any facts suggesting intentional conduct by SAFE. These allegations are insufficient. *See Tilebar v. Glazzio Tiles*, No. 22-cv-3823-PKC-RML, 2024 WL 1186567, at *20-22 (E.D.N.Y. Mar. 15, 2024) (dismissing tortious interference claim where allegation of knowledge "upon information and belief" was insufficient to plead actual knowledge); *Cap. Access Servs. Inc. v. Direct Source Seafood, LLC*, No. 17-cv-1405-VSB, 2018 WL 3093967, at *8 (S.D.N.Y. June 22, 2018), *aff'd*, 767 F. App'x 157 (2d Cir. 2019).

4. SSC's Unfair Competition Claim (Claim 6) is Duplicative of its Misappropriation and Breach of Contract Claims

SSC's unfair competition claim must be dismissed because it is duplicative of its trade secret misappropriation and breach of contract claims. SSC alleges that SAFE is unfairly competing with SSC based on allegations that SAFE (1) misappropriated the Lists and unidentified "other SSC Confidential Information" (D.I. ¶¶ 144-145); and (2) impermissibly accessed SSC's customer platform, "in clear violation of contractual . . . prohibitions on SAFE") (*id.* ¶ 146). It is "well-established" that an unfair competition claim that is based on the same allegations as a trade secret misappropriation or breach of contract claim must be dismissed. *See Tilebar*, 2024 WL 1186567, at *19 (collecting cases).

SAFE therefore respectfully requests a pre-motion conference and permission to file a motion to dismiss.

Respectfully submitted,

*/s/ John P. Padro*
John P. Padro

cc: All counsel of record via ECF