

Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131 | tel 212.858.1000 | fax 212.858.1500

Kenneth W. Taber
tel: +1.212.858.1813
kenneth.taber@pillsburylaw.com

July 26, 2024

**VIA ECF**

Hon. Edgardo Ramos, United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square, Courtroom 619
New York, NY 10007

      Re:    *SecurityScorecard, Inc. v. Safe Securities, Inc.*, Case No.: 1:24-cv-04240-ER: Plaintiff's Request for Leave to File Documents Under Seal

Dear Judge Ramos:

We write on behalf of Plaintiff SecurityScorecard, Inc. ("Plaintiff" or "SSC") to request leave to file certain documents under seal pursuant to Rule 3(ii) of Your Honor's Individual Practices.

In conjunction with Plaintiff's Memorandum of Law in Support of its Renewed Request for a Preliminary Injunction Barring Defendant Safe Securities, Inc. *d/b/a* Safe Security's ("SAFE") Access to its Customer Platform ("Memorandum of Law"), Plaintiff respectfully requests to file under seal: (i) portions of the Memorandum of Law; and (ii) portions of the Declaration of Steve Cobb, dated July 26, 2024 ("Cobb Declaration").

A party seeking to file a document under seal must address the presumption in favor of public access to judicial documents. The Second Circuit set forth the relevant standard in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), under which "[t]here is a common law presumption in favor of permitting public access to judicial documents, which are those documents 'relevant to the performance of the judicial function and useful in the judicial process.'" *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011) (quoting *Lugosch*, 435 F.3d at 119). A court balances this common law presumption of access against competing comparisons, including "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (internal quotation marks omitted)). Thus, the issue is whether "the privacy interests of the defendants outweigh the presumption of public access." *GoSMiLE*, 769 F. Supp. 2d at 650.

"Courts commonly find that documents that contain . . . confidential research and development information, . . . pricing information, and the like satisfy the sealing standard." *Kewazinga Corp.*

July 26, 2024

*v. Microsoft Corp.*, No. 18-cv-4500-GHW, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) (internal quotations and citations omitted).

Here, portions of the Memorandum of Law and Cobb Declaration reference the dollar amount of developing SSC's work product, known in the cybersecurity industry as "digital footprints." The cost of developing digital footprints is sensitive business information, disclosure of which would put SSC at a competitive disadvantage. *See* Declaration of David Jimenez, dated July 26, 2024, filed contemporaneously herewith. Accordingly, that information should be sealed from the public docket. *See, e.g.*, *Lowell v. Lyft, Inc.*, No. 717CV06251PMHAEK, 2024 WL 964625, at *1-2 (S.D.N.Y. Mar. 5, 2024) (granting motion to seal information the disclosure of which would cause competitive harm); *GoSMiLE*, 769 F. Supp. 2d at 649-50 (sealing documents that "contain highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting").

SSC therefore respectfully requests that the Court grant its request to file under seal (i) portions of the Memorandum of Law and (ii) portions of the Cobb Declaration.

                                                                                    Respectfully submitted,

                                                                                   */s/ Kenneth W. Taber*
                                                                                   Kenneth W. Taber

cc:       All Counsel of Record (Via ECF)