# EXHIBIT A

| | |
|---|---|
| **From:** | Taber, Kenneth W. |
| **To:** | Keegan, Timothy |
| **Cc:** | Beckerman, Brian L.; Madigan, Sarah M.; DG-GP-SAFE-SSC |
| **Subject:** | Re: SecurityScorecard, Inc. v. Safe Securities, Inc., No. 1:24-cv-04240-ER |
| **Date:** | Friday, August 2, 2024 4:11:05 PM |
| **Attachments:** | image876d9f.PNG |
| | image20d929.PNG |

***EXTERNAL***

Tim,

We look forward to reviewing your proposed stipulation, which it would appear has the potential to narrow the issues we will need to present to the Court.  Given the continuing impasse over remediation issues, however, we cannot withdraw our motion, and will apparently need, at a minimum, to present that particular dispute to the Court.

Best,
Ken


> On Aug 2, 2024, at 2:51 PM, Keegan, Timothy <TKeegan@goodwinlaw.com> wrote:
>
>
> Hi Ken,
>
> We will prepare a stipulation that provides that:
>
> 1. Neither SAFE nor its officers, agents, servants, employees, and attorneys, nor anyone in active concert or participation with SAFE, will access the SSC platform during the pendency of the case except as necessary to defend the issues in this case; and
>
> 2. SAFE will undertake a good faith effort to locate all "digital footprints" and "work product templates" identified in the BRG Report and identified by SSC as a document downloaded from the SSC platform by SAFE or by an individual or entity that SSC believes in good faith to be an officer, agent, servant, employee, and attorney, or any other person who is in active concert or participation with SAFE, and SAFE will sequester with Digital Mountain any such documents located to be kept on an outside counsel eye's only basis during the pendency of the case.
>
> The above does not include an agreement to search any location or repository where a "digital footprint" or "work product template" is found for "any other downloaded or viewed materials from the SSC customer platform," without any guidance on what this

"other" material is or how SAFE could possibly search for it.  That said, if SSC identifies other materials it believes were downloaded, SAFE is happy to search for those specific identified files.  However, SAFE cannot agree to search for unspecified documents without any guidance.  As I'm sure you can appreciate, it's simply not technically feasible for SAFE to guess how to search for hypothetical, unidentified "digital footprints" and "work product templates."  All said, SAFE's willingness to search for identified files should alleviate any concern SSC may have on this front.

Please note that Starlit Group is not a "proxy" for SAFE.  We've investigated this issue.  The Starlit Group is a distinct company with different owners, and it is not owned by SAFE.  In any event, the language above regarding who is bound aligns with Rule 65(d)(2) and applies not just to SAFE but also to SAFE's officers, agents, servants, employees, and attorneys, as well as anyone in active concert or participation with SAFE.  So while I can't make a representation about the Starlit Group, which is a distinct entity and not my client, this language should allay any concern you may have had regarding the individuals bound.

The agreements above provide SSC with more relief than it could even theoretically obtain via its pending motion, and we believe it represents a more than reasonable accommodation by SAFE.

It does not seem we'll be able to reach an agreement regarding SSC's demand that SAFE "purge" an undefined set of information that SSC claims to own from a set of documents SAFE has not seen and which everyone agrees consist of publicly available information.  SSC's attempt to flip the burden onto SAFE to identify public information (1) in documents consisting of public information and (2) without having any insight into what SSC claims as confidential is the opposite of what the law requires and creates an impossibly vague task.  Your proposal contravenes clear Second Circuit law, it will be rejected by the Court, and SAFE will not agree to it.

With that, I'll once again encourage you to withdraw SSC's pending motion.  In any event, SAFE has an opposition brief to prepare so we will work on that and on preparing the stipulation noted above.


Regards,
Tim


**Timothy Keegan**

Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
o  +1 212 459 7022

f  +1 212 355 3333
TKeegan@goodwinlaw.com

<image002.png>

<image003.png>

<image004.png>

<image005.png>

<image006.png>

**Kenneth W. Taber** | Partner
Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131
t +1.212.858.1813 | f +1.212.298.8405 | m +1.914.473.7977
kenneth.taber@pillsburylaw.com | website bio

AUSTIN   BEIJING   HONG KONG   HOUSTON   LONDON   LOS ANGELES
MIAMI   NASHVILLE   NEW YORK   NORTHERN VIRGINIA   PALM BEACH
SACRAMENTO   SAN DIEGO   SAN FRANCISCO   SHANGHAI
SILICON VALLEY   TAIPEI   TOKYO   WASHINGTON, DC



---

**From:** Taber, Kenneth W. <kenneth.taber@pillsburylaw.com>
**Sent:** Wednesday, July 31, 2024 7:56 PM
**To:** Keegan, Timothy <TKeegan@goodwinlaw.com>
**Cc:** Beckerman, Brian L. <brian.beckerman@pillsburylaw.com>; Madigan, Sarah M. <sarah.madigan@pillsburylaw.com>; DG-GP-SAFE-SSC <DG-GP-SAFE-SSC@goodwinlaw.com>; Mitchell Epner <mepner@kudmanlaw.com>
**Subject:** Re: SecurityScorecard, Inc. v. Safe Securities, Inc., No. 1:24-cv-04240-ER

***EXTERNAL***

Tim,

Please let me respond as follows to your revised proposal below:

**Access to the SSC platform**.  If you want to send us a proposed stipulation, we are happy to consider it.  To be clear, however, particularly in light of the disagreements the parties encountered the last time we tried to reach agreement on such a stipulation, we will not withdraw our renewed PI motion – either in whole or in part --

until we have actually reached agreement on the language of such a stipulation.

More specifically with respect to the SSC platform access issue, it remains unclear to us whether your proposed term "agent" is meant to include SAFE proxies (e.g., Starlit Group) or not.  Your email below still does not address that question, though I've now raised it more than once.  Accordingly, in addition to using the language of Rule 65(d)(2), the term "agent" will need to  be defined in your draft stipulation to specifically include "SAFE proxies (e.g., Starlit Group)."

**Identified "digital footprints" and "work product templates."**  We are prepared to stipulate that the downloaded or viewed materials (including "digital footprints" and "work product templates") identified in the BRG Report (and its exhibits) represent the universe of what will now be searched for on the SAFE systems, with each such document found on those systems to then immediately be sequestered on an outside counsel eye's only basis with Digital Mountain for the duration of the case. In addition, the stipulation will need to provide that, once SAFE locates any such documents on its systems, SAFE will then conduct a good faith search in those locations for any other downloaded or viewed materials from the SSC customer platform and, if found, those items will likewise immediately be sequestered on an outside counsel eye's only basis with Digital Mountain for the duration of the case.

**Purging information from documents.**  We regard <u>all</u> materials that SAFE or its proxies (including Starlit Group) downloaded from, or viewed on, the SSC customer platform to presumptively be non-public information, and therefore to be subject to a purging requirement.  That said, if SAFE wants to bring to our attention any such downloaded or viewed information that it can demonstrate was readily available to it, in identical form and content, at a readily accessible public location, we would then be willing to exempt that specific information from the purging obligation.

We remain ready to engage rapidly with you on the above subjects in an effort to resolve, or at least narrow, the issues raised by our renewed PI motion.  We also look forward to reviewing a draft stipulation from you that addresses the above items in the manner we've described.

Best,
Ken

> On Jul 31, 2024, at 10:26 AM, Keegan, Timothy <TKeegan@goodwinlaw.com> wrote:
>
> Thanks, Ken.
>
> 1. **Access to the SSC platform**.  I think we agree but are using different phrasing.  In any event, SAFE is agreeing not to access

SSC's platform directly or indirectly (i.e., through others). I would propose we use the language that Rule 65(d)(2) employs—"the parties' officers, agents, servants, employees, and attorneys." *See* Fed. R. Civ P. 65(d)(2). To be clear, SAFE is abstaining from this, will be abstaining from this for at least the pendency of the litigation, and has been abstaining from this for weeks, regardless of whether we come to any agreement here. We would be happy to stipulate to this (and anything we can come to agreement on here). With that, we think it is appropriate for SSC to withdraw the corresponding request from its pending emergency motion. This will reduce the burden on SAFE to respond to this and on the Court. We believe the Court will appreciate this too.

2. **Identified "digital footprints" and "work product templates."** It sounds like you and your forensic team have identified specific "digital footprints" and work product templates that SSC believes were downloaded (I'm not discrediting that assertion we just have not been able to fully assess the lengthy forensic report SSC filed). If you provide that identification in a list (or other means our client and forensic team can work with), SAFE agrees to search for each identified document and to sequester each document found on an outside counsel eye's only basis with Digital Mountain for the duration of the case. We'd be happy to stipulate to this too.

3. **Purging information from documents.** I'm having a difficult time parsing your request that SAFE purge its documents of SSC information. It seems we all agree that SSC (and SAFE for that matter) deals in public information. We're not in a position to know what information SSC claims is public or not public (much less assess the veracity of such claims). But I think we do agree that it's simply not possible for "everything" in SSC's documents to be confidential. Moreover, and as we made clear in our letter, SSC makes considerable information about its Digital Footprints publicly available separate and apart from the information it collects. If SSC can identify information it contends is confidential, we are happy to consider any such information and whether SAFE will agree to stipulate to further activity. Without such an identification from SSC, we may be at an impasse on this point.

In any event, we have limited time to brief our opposition so please let me know by 2 pm ET today if SSC will be withdrawing its motion. I'm happy to confer on these issues as well, as SAFE is happy to partake in any discussion that may lessen the burden on it and the Court. Just let us know.

Sincerely,
Tim


**Timothy Keegan**

<u>&lt;image001.png&gt;</u>

Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
o  +1 212 459 7022
f   +1 212 355 3333
<u>TKeegan@goodwinlaw.com</u>


<u>&lt;image002.png&gt;</u>

<u>&lt;image003.png&gt;</u>

<u>&lt;image004.png&gt;</u>

<u>&lt;image005.png&gt;</u>

<u>&lt;image006.png&gt;</u>



**Kenneth W. Taber** | Partner
Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131
t +1.212.858.1813 | f +1.212.298.8405 | m +1.914.473.7977
<u>kenneth.taber@pillsburylaw.com</u> | <u>website bio</u>
&lt;image007.png&gt;

<u>&lt;image008.png&gt;</u>



**From:** Taber, Kenneth W. <<u>kenneth.taber@pillsburylaw.com</u>>
**Sent:** Wednesday, July 31, 2024 9:27 AM
**To:** Keegan, Timothy <<u>TKeegan@goodwinlaw.com</u>>
**Cc:** Beckerman, Brian L. <<u>brian.beckerman@pillsburylaw.com</u>>; Madigan, Sarah M. <<u>sarah.madigan@pillsburylaw.com</u>>; DG-GP-SAFE-SSC <<u>DG-GP-SAFE-SSC@goodwinlaw.com</u>>; Mitchell Epner <<u>mepner@kudmanlaw.com</u>>
**Subject:** Re: SecurityScorecard, Inc. v. Safe Securities, Inc., No. 1:24-cv-04240-ER

***EXTERNAL***

Tim,

1.  With respect to your concept of SAFE "agents" not accessing the SSC platform, we will need you to define what you envision the term "agents" encompassing.  Is that something different from our word "proxies", and, if so, how does it differ?  The bottom line is we can't have SAFE doing indirectly, through others, that which it is agreeing not to do directly.

2.  While SSC does, in the first instance, capture information that is publicly available on the Internet, SSC's proprietary processing of that vast universe of information, to create the discrete, well-organized information and tools then made available to SSC customers on its customer platform, is entirely non-public.  Accordingly, **everything** that SAFE or its proxies downloaded from the SSC customer platform needs to be considered non-public, and can neither be retained nor used by SAFE. To the extent that information and those tools are now incorporated into SAFE's own products and services, they must also be completely purged.

3.  Our forensic people can work with their equivalents at SAFE and/or at your own experts to identify everything we have thus far found that was downloaded by SAFE/Starlit from the SSC customer platform.  I believe that much, if not all, of that information is already captured in the BRG Report, which you now have, but we can certainly walk you through it if that's useful to the remediation process I have previously described. Once you find in your systems what was downloaded, it should not be difficult to trace how that downloaded information was thereafter used at SAFE. Our forensic people can assist you with that as well.

4.  I believe the templates that were reviewed (and perhaps downloaded) are also already captured in the BRG Report.

5.  All of the above would need to be written up in a Stipulation that would be So Ordered by the Court.  It must have the same force as a court-ordered PI.

Best,
Ken

On Jul 30, 2024, at 6:10 PM, Keegan, Timothy
<TKeegan@goodwinlaw.com> wrote:

Thanks Ken. We appreciate your quick response. We think it would benefit both parties to resolve these matters amicably and that the Court would appreciate not being burdened by having to resolve the delta remaining between our positions, so we're happy to be having this discussion.

As an initial matter, please note that SAFE is willing to agree to a stipulation during the pendency of this litigation which we can provide to the court. It's, of course, premature to be trying to seek permanent relief at this juncture. With that, SAFE agrees, during the pendency of the case, not to access the SSC customer platform, including via any agents. Our representation would cover SAFE and its employees. It would also cover any agent of SAFE. If you believed that such an agent accessed the platform, you would be free to raise that with the Court as you deem necessary. This should resolve SSC's request with respect to the first bullet in your email and moot that part of the motion.

As to the second and third requests in your email, SAFE has no ability from its current vantage point to discern what information SSC contends is information SSC created versus public information. As you know, these materials by definition include and are derived from public information, and the onus is on a party seeking relief to identify what information it contends is confidential versus public. If SSC were to identify what it believes is confidential, we would be happy to review whatever you provide.

As it concerns actual "digital footprint" documents, if SSC identifies them, SAFE will locate and sequester them. It sounds like SSC's forensic inspection identified the documents. Note that the employees SSC identified in its motion do not work for SAFE anymore. We also understand that the forensic analysis you submitted shows the last date of access by anyone (potentially) relevant was months ago, and before the complaint in this action was filed.

Finally, I'm not sure what "SSC work product templates" refers to. I don't believe that term appeared in SSC's motion. Can you provide further information on that? As a general matter, SAFE has no interest in using materials generated by SSC. If you provide more information, we'll look into this.

I'm generally available this evening if you'd like to confer. I can also discuss tomorrow from 2:00 onward.

Sincerely,
Tim

**Timothy Keegan**

<image001.png>

Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
o  +1 212 459 7022
f  +1 212 355 3333
TKeegan@goodwinlaw.com

<image002.png>

<image003.png>

<image004.png>

<image005.png>

<image006.png>

---

**From:** Taber, Kenneth W. <kenneth.taber@pillsburylaw.com>
**Sent:** Tuesday, July 30, 2024 2:50 PM
**To:** Keegan, Timothy <TKeegan@goodwinlaw.com>; Beckerman, Brian L. <brian.beckerman@pillsburylaw.com>; Madigan, Sarah M. <sarah.madigan@pillsburylaw.com>
**Cc:** DG-GP-SAFE-SSC <DG-GP-SAFE-SSC@goodwinlaw.com>; Mitchell Epner <mepner@kudmanlaw.com>
**Subject:** RE: SecurityScorecard, Inc. v. Safe Securities, Inc., No. 1:24-cv-04240-ER

***EXTERNAL***
Counsel—
Thank you for your email.
SAFE's agreement that it will not access SSC's customer platform (except as necessary to defend the issues in this case), and will sequester all copies of any Digital Footprints in its possession previously downloaded from SSC's customer platform, addresses a portion of SSC's renewed motion for preliminary injunctive relief, but far from all of it.
SSC's motion for injunctive relief necessarily also seeks

to enjoin SAFE from:

1. Ever again accessing the SSC customer platform via proxies, whether through the previously used Starlit Group proxy or any other proxy;

1. Using or disclosing any information downloaded or gleaned from SSC's customer platform (including the Digital Footprints and any SSC work product templates) <u>on a going forward basis</u>; and

1. Continuing to offer any SAFE product or services created or modified, in whole or in part, using information obtained from SSC's customer platform. Such products or services will need to be remediated so as to excise any content based in whole or in part on information from the SSC customer platform.

In plain terms, we cannot agree that SSC's renewed motion for injunctive relief would be mooted if SAFE can still benefit in any way from the information it obtained from the SSC customer platform.
We would be happy to further confer by email or via telephone about the above to see if we can reach agreement on these issues and spare the Court and the parties the additional time and expense of litigating SSC's renewed motion for injunctive relief.
Best,
Ken

**Kenneth W. Taber** | Partner
Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131
t +1.212.858.1813 | f +1.212.298.8405 | m +1.914.473.7977
kenneth.taber@pillsburylaw.com | website bio

**From:** Keegan, Timothy <TKeegan@goodwinlaw.com>
**Sent:** Tuesday, July 30, 2024 8:21 AM
**To:** Taber, Kenneth W. <kenneth.taber@pillsburylaw.com>;
Beckerman, Brian L. <brian.beckerman@pillsburylaw.com>;
Madigan, Sarah M. <sarah.madigan@pillsburylaw.com>
**Cc:** DG-GP-SAFE-SSC <DG-GP-SAFE-SSC@goodwinlaw.com>;
Mitchell Epner <mepner@kudmanlaw.com>
**Subject:** SecurityScorecard, Inc. v. Safe Securities, Inc., No. 1:24-cv-04240-ER

Counsel,

Please let us know if SSC agrees to withdraw its pending motion for preliminary relief.  As you know from our letter to the Court (ECF No. 79), SAFE is happy to agree to the following conditions during the pendency of the case, mooting any need to burden the Court with SSC's motion:

1. SAFE will not access SSC's customer platform except as necessary to defend the issues in this case; and

2. SAFE will search for and sequester all copies of any "digital footprints" specifically identified by SAFE as being downloaded from SSC's customer platform.

This represents the full scope of relief to which SSC could be entitled.  The remaining relief SSC seeks with its emergency motion—prohibiting SAFE from "disclosing or using" an undefined set of "Confidential Information"—is not warranted and would violate the Federal Rules, for reasons discussed in our letter.

Please let us know your position by July 31 at 5 pm, so that SAFE can avoid unnecessary expense on an opposition brief.

If it would be useful, we are also happy to confer regarding the specifics of the conditions noted above.  We are generally free in the afternoons this week.

Sincerely,
Tim

**Timothy Keegan**

<image001.png>

Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
o  +1 212 459 7022
f  +1 212 355 3333
TKeegan@goodwinlaw.com

<image003.png>

<image004.png>

<image005.png>

<image006.png>

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message was sent from Goodwin Procter LLP and is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770,

Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.