

Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131 | tel 212.858.1000 | fax 212.858.1500

# MEMO ENDORSED

Kenneth W. Taber
tel: +1.212.858.1813
kenneth.taber@pillsburylaw.com

August 9, 2024

**VIA ECF**

Hon. Edgardo Ramos, United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square, Courtroom 619
New York, NY 10007

> Plaintiff's request to file the documents described in this letter under seal is granted. SO ORDERED.
>
> Edgardo Ramos, U.S.D.J.
> Dated: 8/12/24
> New York, New York

Re: *SecurityScorecard, Inc. v. Safe Securities, Inc.*, Case No.: 1:24-cv-04240-ER: Plaintiff's Request for Leave to File Documents Under Seal

Dear Judge Ramos:

We write on behalf of Plaintiff SecurityScorecard, Inc. ("Plaintiff" or "SSC") to request leave to file certain documents under seal pursuant to Rule 3(ii) of Your Honor's Individual Practices.

In conjunction with Plaintiff's Reply Memorandum of Law in Further Support of its Renewed Request for a Preliminary Injunction ("Reply Brief"), Plaintiff respectfully requests to file under seal: (i) portions of the Reply Brief; (ii) portions of the Declaration of Steve Cobb, dated August 9, 2024 ("Cobb Declaration"); and (iii) Exhibits A through C to the Cobb Declaration.

A party seeking to file a document under seal must address the presumption in favor of public access to judicial documents. The Second Circuit set forth the relevant standard in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), under which "[t]here is a common law presumption in favor of permitting public access to judicial documents, which are those documents 'relevant to the performance of the judicial function and useful in the judicial process.'" *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011) (quoting *Lugosch*, 435 F.3d at 119). A court balances this common law presumption of access against competing comparisons, including "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (internal quotation marks omitted)). Thus, the issue is whether "the privacy interests of the defendants outweigh the presumption of public access." *GoSMiLE*, 769 F. Supp. 2d at 650.

Documents that are "highly sensitive" and "discuss proprietary . . . assumptions, processes, methodologies, and judgments" overcome the presumption of public access. *Branch Fam. Found., Inc. v. AXA Equitable Life Ins. Co.*, No. 16-CV-740 (JMF), 2017 WL 5151357, at *2 (S.D.N.Y. Nov. 3, 2017) (granting request to seal). "Courts commonly find that documents that contain . . . confidential research and development information, . . . pricing information, and the like satisfy the sealing standard." *Kewazinga Corp. v. Microsoft Corp.*, No. 18-cv-4500-GHW, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) (internal quotations and citations omitted).

August 9, 2024

Here, portions of the Reply Brief and Cobb Declaration reference the dollar amount invested annually in developing certain SSC work product, known in the cybersecurity industry as "digital footprints." The cost of developing digital footprints is sensitive business information, disclosure of which would put SSC at a competitive disadvantage. *See* Dkt. 75. Accordingly, that information should be sealed from the public docket. *See, e.g.*, *Lowell v. Lyft, Inc.*, No. 717CV06251PMHAEK, 2024 WL 964625, at *1-2 (S.D.N.Y. Mar. 5, 2024) (granting motion to seal information the disclosure of which would cause competitive harm); *GoSMiLE*, 769 F. Supp. 2d at 649-50 (sealing documents that "contain highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting"). Your Honor has previously granted SSC's request to seal this information. *See* Dkt. 83.

In addition, Exhibits A through C to the Cobb Declaration constitute SSC's proprietary work product – indeed, they are the very work product that SSC seeks to protect through its Renewed Request for a Preliminary Injunction. Exhibits A and B are examples of the SSC Digital Footprints which Starlit downloaded. While the Digital Footprints on SSC's platform, such as Exhibits A and B, are derived in part from certain publicly available information, they are not comprised entirely of public information. They also reflect SSC's attribution process, which is proprietary and is a key differentiator between SSC and its competitors. Exhibit C is a sample of the questionnaire templates that SSC provides to its paying customers. The questionnaire templates are curated using the knowledge SSC has developed in the cybersecurity industry to help its customers follow best practices. They are proprietary and not industry standard forms. *See* Declaration of Steve Cobb, dated August 9, 2024, filed contemporaneously herewith. Exhibits A through C therefore are highly sensitive and reveal SSC's "proprietary . . . assumptions, processes, methodologies and judgments," and overcome the presumption of public access. *Branch*, 2017 WL 5151357, at *2. As set forth in the Reply Brief, disclosure of this information would put SSC at a competitive disadvantage. *See Lowell*, 2024 WL 964625, at *1-2; *GoSMiLE*, 769 F. Supp. 2d at 649-50.

Finally, portions of the Cobb Declaration, and Exhibits A and B thereto, merit sealing because they reference the specific third party associated with the Digital Footprints in Exhibits A and B, and the domain names associated with that third party. *See Application of Newsday, Inc.*, 895 F.2d 74, 79-80 (2d Cir. 1990) ("[T]he privacy interests of innocent third parties . . . that may be harmed by disclosure . . . should weigh heavily in a court's balancing equation.") (internal quotations and citations omitted). Your Honor has granted SSC's previous request to seal third-party information. *See* Dkt. 61.

SSC therefore respectfully requests that the Court grant its request to file under seal (i) portions of the Reply Brief; (ii) portions of the Cobb Declaration; and (iii) Exhibits A through C to the Cobb Declaration.

Respectfully submitted,

*/s/ Kenneth W. Taber*
Kenneth W. Taber

cc:   All Counsel of Record (Via ECF)