

John P. Padro
+1 212 459 7349
JPadro@goodwinlaw.com

Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018

goodwinlaw.com
+1 212 813 8800

August 12, 2024

**VIA ECF**

Hon. Edgardo Ramos
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

**Re**:  *SecurityScorecard, Inc. v. Safe Securities, Inc., d/b/a Safe Security et al.*, No. 1:24-cv-04240-ER

Dear Judge Ramos:

We write on behalf of Defendant Safe Securities, Inc. ("SAFE").

Earlier today, Plaintiff submitted a new proposed order (ECF No. 98) in connection with Plaintiff's second motion for a preliminary injunction. The proposed order differs from the proposed order Plaintiff filed in connection with its motion (ECF No. 72). This new proposed order was not before the Court or SAFE when SAFE briefed its opposition; it should be disregarded. *See, e.g.*, *United States v. East River Hous. Corp.*, 90 F. Supp. 3d 118, 162 (S.D.N.Y. 2015) (Ramos, J.) (refusing to consider arguments raised for the first time after opposition was submitted) (collecting cases). To allow it would be manifestly prejudicial to SAFE. *See, e.g.*, *Snyder v. Graham*, No. 09-cv-10307-RJS, 2012 WL 983536, at *5 (S.D.N.Y. Mar. 22, 2012) ("The Court need not consider a new argument raised for the first time in a reply brief, as arguments presented in this fashion deny the opposing party a fair opportunity to respond.") (quotations omitted). In any event, Plaintiff's new proposed order is legally deficient and unsupported.[1]

Plaintiff's new proposed order has no correlation to the joint stipulation filed earlier today (ECF No. 97), which moots any legitimate concerns Plaintiff could have had (even crediting all of Plaintiff's dubious allegations). To be clear, Plaintiff's unauthorized submission is a surprise to SAFE. At no point during the negotiation of the joint stipulation did Plaintiff indicate it would submit a new, revised proposed order or that Plaintiff would seek to change the relief it sought from the Court.

---

[1] Plaintiff's new proposed order still fails to define the "Confidential Information" it purports to concern. Plaintiff just refers back to its same open-ended definition of "any other SSC trade secrets or confidential or proprietary information," which is, itself, undefined and vague. ECF No. 86 (SAFE's opposition to Plaintiff's second emergency motion) at 10 (citing ECF No. 1 ¶ 17). Plaintiff's new proposed order would violate Rule 65(d) for the same reasons that Plaintiff's original proposed order would. *See id.* at 20-22. Plaintiff also has made no showing of irreparable harm or likelihood of success related to alleged use of unidentified "confidential information." *See id.* at 13-18.



August 12, 2024
Page 2

Respectfully submitted,

*/s/ John P. Padro*
John P. Padro

cc: All counsel of record via ECF