# EXHIBIT A

Case 1:24-cv-04240-ER    Document 108-1    Filed 08/26/24    Page 1 of 18

1

| | |
|---|---|
| **From:** | Beckerman, Brian L. |
| **To:** | Desai, Ishika; Padro, John P; Keegan, Timothy |
| **Cc:** | DG-GP-SAFE-SSC; Taber, Kenneth W.; Madigan, Sarah M.; Goldman, Jessica |
| **Subject:** | RE: SecurityScorecard, Inc. v. Safe Securities, Inc., Case No. 1:24-cv-04240-ER |
| **Date:** | Friday, August 23, 2024 3:34:30 PM |
| **Attachments:** | image001.png<br>image002.png<br>image003.png<br>image004.png<br>image005.png<br>image006.png<br>image007.png<br>image008.png<br>image009.png |

\*\*\*EXTERNAL\*\*\*

Ishika,

You're missing a key word from the parties' August 12 stipulation, Dkt. 97: "SSC will provide forensically sound **current** versions of and identify all 'digital footprints' . . . ." Our proposed order submitted later that day focusing on remediation had the same exact language: "SSC shall provide SAFE forensically sound **current** versions of all 'digital footprint' documents . . . ." That's precisely what we provided on Monday with our first production, constituting 92 documents, 456 pages. SSC is not backtracking on anything.

Nor did SSC "fail to preserve" anything. SSC plainly did not know what your client took until long after the fact. Your position that SSC should have preserved the downloaded digital footprints the exact moment your client surreptitiously downloaded them is untenable. In any event, your client well knows what Starlit sent it, and that should be sufficient for purposes of searching for the digital downloads on SAFE's system. Again, using a basic ctrl+f function for the column headers in the digital footprints, too, is sufficient.

As to your question, our Monday production did not contain any questionnaire templates, just digital footprints and other work product like issue reports and scorecards.

Because you refuse to offer alternate language addressing the second clause, it appears we have reached an impasse and we have no choice but to so advise the Court. SSC simply cannot afford to wait a few weeks for SAFE to search its files for its own use of misappropriated confidential information.

Best,

Brian

**From:** Desai, Ishika <IDesai@goodwinlaw.com>
**Sent:** Friday, August 23, 2024 2:55 PM
**To:** Beckerman, Brian L. <brian.beckerman@pillsburylaw.com>; Padro, John P <JPadro@goodwinlaw.com>; Keegan, Timothy <TKeegan@goodwinlaw.com>
**Cc:** DG-GP-SAFE-SSC <DG-GP-SAFE-SSC@goodwinlaw.com>; Taber, Kenneth W. <kenneth.taber@pillsburylaw.com>; Madigan, Sarah M. <sarah.madigan@pillsburylaw.com>; Goldman, Jessica <jessica.goldman@pillsburylaw.com>

**Subject:** RE: SecurityScorecard, Inc. v. Safe Securities, Inc., Case No. 1:24-cv-04240-ER

Brian,

Thank you for clarifying that SSC does not have or possess any copies of the allegedly accessed materials. Your suggestion that footprints change over time does not mean that SAFE was supposed to know that SSC did not maintain or have copies of the allegedly accessed files. Just yesterday is the first time we were advised of this. Indeed, the parties' August 12 stipulation explicitly provides that SSC will provide **forensically sound** copies of the documents, which SSC now appears to be backtracking. This development is a substantial difference in being able to assess what, if anything, was accessed and critically, what (if anything) related to these files was used. Hash values are standard for forensic assessments as they allow you to identify the exact materials in question and the contents of the files. Given that we don't have the files that were allegedly accessed, and we are just learning today that there are "static terms" in the files that "constantly change," the process for searching for them is evolving. To be clear, we remain committed to do doing so, but this is a departure from the process discussed with the Court and will complicate this process.

As we mentioned, we are looking into other alternatives for searching for the materials based on the incomplete information we have received from SSC. In the meantime, do you have an accurate list of the file names and metadata for the accessed materials, and if so, can you share it with us? Additionally, please confirm which aspects of the digital footprints remain "static" as opposed to the ones that change to aid in our search. We would appreciate confirmation that we can share file names / static metadata fields with our client to assist in the search as well. We will not share the files themselves.

As to the questionnaire, can you please confirm which SSC produced document contains the questionnaire materials that were allegedly accessed? The production includes Issue Report and Footprint csv files, as well as Issue Report pdfs, but we have not been able to locate the questionnaire materials. Additionally, if you have an accurate list of the file names and metadata for the accessed questionnaire templates, please provide that. We may have further follow up as our investigation progresses.

We appreciate your conforming the proposed order with the Court's instructions and our agreement. We can confirm we are in agreement on the first provision.

As for the second provision, we understand why SSC seeks that language, but we disagree as to its scope or the legal basis for the relief it seeks. Your explanations only highlight the improper ambiguity as to the relief SSC seeks. For example, the proposed language specifically seeks to include "remediation" on information that SSC may identify in the future. That is not how injunctive relief works, nor is it something we can agree to without a clear delineation on what information is at issue and what must be done. Tellingly, this is the same type of defect in the first clause that the Court narrowed to the specific documents identified by SSC (footprints and questionnaire templates). The remainder of this provision is entirely unclear as to what SAFE is required to do. As SSC admitted at the hearing, any allegations of use are unknown, and as the Court stated at the hearing, the parties are to "report back after the disclosure for the production of the footprints as to

3

**whether or not** there is further ground for agreement." Aug. 13 H'rg Tr. at 40:12-17 (emphasis added).

That all said, as we discussed on Monday, SAFE remains committed to providing accelerated discovery on these points and further negotiating on potential language if so needed in the future. Unfortunately, SSC's failure to preserve the materials in question greatly complicates and slows our ability to conduct a forensic search and provide you with preliminary results. However, in an effort to show our continued diligence on these topics, we can commit to provide you with our preliminary results on any alleged use of the footprints and questionnaire you have identified by September 6, 2024.  Given the complications resulting from SSC's records, we cannot guarantee our assessment will be complete, but we can agree to provide you what we do know by then and an update on timing of next steps.

We believe that is the appropriate pathway forward here to address some of your immediate concerns. As a result, we would suggest the parties submit a stipulation on the agreed language, and revisit if there are grounds for further agreement in the next few weeks. We have attached a draft stipulation for your review.

Thank you,
Ishika


**Ishika Desai**
*she/her/hers*
Associate



Goodwin Procter LLP
601 Marshall Street
Redwood City, CA 94063
o  +1 650 752 3276
m +1 304 685 1279
f   +1 650 471 6058
IDesai@goodwinlaw.com



---

**From:** Beckerman, Brian L. <brian.beckerman@pillsburylaw.com>
**Sent:** Friday, August 23, 2024 7:24 AM
**To:** Desai, Ishika <IDesai@goodwinlaw.com>; Padro, John P <JPadro@goodwinlaw.com>; Keegan, Timothy <TKeegan@goodwinlaw.com>
**Cc:** DG-GP-SAFE-SSC <DG-GP-SAFE-SSC@goodwinlaw.com>; Taber, Kenneth W. <kenneth.taber@pillsburylaw.com>; Madigan, Sarah M. <sarah.madigan@pillsburylaw.com>; Goldman, Jessica <jessica.goldman@pillsburylaw.com>
**Subject:** RE: SecurityScorecard, Inc. v. Safe Securities, Inc., Case No. 1:24-cv-04240-ER

***EXTERNAL***

Ishika,

Thanks for your response.

As regards the exact versions of the digital footprints your client downloaded from SSC's customer platform, our motion papers made clear that "Digital Footprints constantly change," and Mr. Padro himself argued that very point in trying to say that what was taken was therefore worthless (a point the Court firmly rejected). If SSC were required to keep records of every single iteration of a digital footprint it created, and continuously updated for the 12 million companies it tracks, that number would be well into the billions. That the digital footprints your client downloaded may have contained 370,000 IP addresses and 4,900 unique domain names, for example, instead of 371,000 IP addresses and 5,000 unique domain names (in the case of the digital footprint we provided with our reply brief) does not somehow make it any less confidential. Again, we fail to understand why SAFE can't reasonably search for the versions of digital footprints in its possession by, for example, searching for the transmission of those downloads from Starlit, or by looking for static terms in the digital footprints that would not change with time (e.g., column headers, non-hash-value metadata, etc.).

We have agreement on the first clause of the proposed stipulation: "**IT IS HEREBY ORDERED**, that pending further Order of this Court and for the duration of these proceedings: SAFE, and all persons acting in concert with or through SAFE who receive actual notice of the injunction, are (1) enjoined from disclosing or using any digital footprints and questionnaire templates obtained from SSC's customer platform." Thank you for confirming SAFE is amenable to that language.

With respect to the second clause, you are welcome to propose alternate language for our consideration that captures SSC's goal of ensuring that SAFE removes however it is SAFE used the downloaded digital footprints and questionnaire templates from its products and offerings. We must ensure that SAFE does not continue to benefit from its unlawful access to SSC's customer platform. The language "and any other information hereafter identified by SSC as confidential and agreed to by SAFE as confidential or held by the Court to be confidential," is simply to provide the parties a streamlined process for supplementing the stipulation if we later learn that additional confidential information was taken and used by SAFE to enhance its products or offerings. Again, if you want to propose alternate language you are free to do so.

We will not agree to an indeterminate adjournment of this second clause, as you propose below, by offering that the parties "continue these discussions" and "work together to craft language for a further agreement if needed." That defeats the spirit of the meet-and-confer Judge Ramos had in mind at the hearing and, candidly, exactly what we feared would happen, hence why we asked to come back to the court today with a status update.

We look forward to receiving any proposed revisions to clause 2 above, as well as your comments to our proposed Scheduling Order we sent on Tuesday.

Best,

Brian

5

**From:** Desai, Ishika <IDesai@goodwinlaw.com>
**Sent:** Thursday, August 22, 2024 9:56 PM
**To:** Beckerman, Brian L. <brian.beckerman@pillsburylaw.com>; Padro, John P <JPadro@goodwinlaw.com>; Keegan, Timothy <TKeegan@goodwinlaw.com>
**Cc:** DG-GP-SAFE-SSC <DG-GP-SAFE-SSC@goodwinlaw.com>; Taber, Kenneth W. <kenneth.taber@pillsburylaw.com>; Madigan, Sarah M. <sarah.madigan@pillsburylaw.com>; Goldman, Jessica <jessica.goldman@pillsburylaw.com>
**Subject:** RE: SecurityScorecard, Inc. v. Safe Securities, Inc., Case No. 1:24-cv-04240-ER

Brian,

This is the first we have learned that you do not have copies of the allegedly accessed materials. In fact, on Monday the parties discussed the importance of receiving exact copies to allow us to search as the parties had contemplated. At that time, SSC said nothing about the fact it did not have these documents. It further begs the question as to how SSC knows what is in these documents, let alone what is confidential.

Moreover, as you should well know, any forensically sound collection and search is much more complicated than "using a simple ctrl+f." We will update you further as we develop alternative search functions given the incorrect files you have provided.

With respect to your proposed language, it is at odds with what was discussed with Court for at least the following reasons:

1. SAFE has already agreed to the revision to clause 1 that the Court proposed. As reflected in the transcript this is "limit[ed] to digital footprints and templates . . . Yes, when it comes to disclosing or using the footprints, they are going to provide us the questionnaire, we can agree to that without a problem."  Aug. 13 H'rg Tr. at 41:20-42:3; *see also id.* at 36:16-21 ("And I think to the point we talked about earlier, your Honor, if that confidential information was instead replaced with the two things they've identified, that they have agreed to give us to us, yes, I think we can make sure those things are not used."); *see also id.* 39:22-23 ("I think number one is resolved, for the most part, by SAFE Security's willingness to agree to that."). Your submission must be revised to align with the Court's directive and our agreement. Otherwise, clause 1 of your proposed order, which still refers to undefined confidential information, remains impermissibly vague, unsupported and improper under Rule 65.

| **SSC's Proposed Language** | **Agreed to at August 13 Hearing** |
|---|---|
| 1. Enjoined from disclosing using any Confidential Information obtained from SSC's customer platform, including but not limited to, digital footprints and questionnaire templates | 1. Enjoined from disclosing using any digital footprints and questionnaire templates obtained from SSC's customer platform |

2. As to the second clause, the Court and SSC already indicated that there should be a limitation on remediation to the footprints and the templates.  *See* Aug. 13 H'rg Tr. at 42:8-12. There is still no explanation as to what is meant by "and any other information hereafter identified by SSC as confidential and agreed to by SAFE as confidential or held by the Court to be confidential," nor an explanation as to how this complies with Rule 65. As a further example, there is no definition on what SAFE is required to do, let alone a basis for why it is required to do so. It is not clear what is meant by "remediate," let alone how to assess how to do so for "SAFE's products and offerings any content based upon, reflecting or utilizing in any way." The proposed language is improperly undefined and vague, which is why the Court declined to order it at the hearing.

The Court explicitly requested that the parties "submit a proposed or amended stipulation and order which **incorporates the representations that have been made on the record here today by Mr. Padro**, and **to report back** after the disclosure for the production of the footprints **as to whether or not there is further ground for agreement**."  Aug. 13 H'rg Tr. at 40:12-17 (emphasis added).  We do not believe the Court seeks to revisit the same language it already declined to order.  Consistent with the Court's ask, we propose that SAFE and SSC submit a stipulation on #1 that is consistent with what was discussed and ordered at the hearing, and continue this dialogue as SAFE conducts accelerated discovery into the footprints and questionnaires on any potential use of them, and work together to craft language for a further agreement if needed.

Ishika

**Ishika Desai**
*she/her/hers*
Associate



Goodwin Procter LLP
601 Marshall Street
Redwood City, CA 94063
o  +1 650 752 3276
m +1 304 685 1279
f   +1 650 471 6058
IDesai@goodwinlaw.com



---

**From:** Beckerman, Brian L. <brian.beckerman@pillsburylaw.com>
**Sent:** Thursday, August 22, 2024 2:59 PM
**To:** Desai, Ishika <IDesai@goodwinlaw.com>; Padro, John P <JPadro@goodwinlaw.com>; Keegan, Timothy <TKeegan@goodwinlaw.com>
**Cc:** DG-GP-SAFE-SSC <DG-GP-SAFE-SSC@goodwinlaw.com>; Taber, Kenneth W.

<kenneth.taber@pillsburylaw.com>; Madigan, Sarah M. <sarah.madigan@pillsburylaw.com>; Goldman, Jessica <jessica.goldman@pillsburylaw.com>

**Subject:** RE: SecurityScorecard, Inc. v. Safe Securities, Inc., Case No. 1:24-cv-04240-ER

***EXTERNAL***
Ishika,

As you should know, the digital footprints at issue here are continuously being updated with new information available on the Internet and from other proprietary SSC sources. That's why we can send you — and on Monday sent you — the *current* digital footprints for each of the companies at issue here. We plainly cannot send you the exact digital footprints that your client took months ago; that prior digital footprint is not available for us to send.

None of this should be a surprise. Nor should it delay one moment your responding substantively to our proposed Order. We see no reason why SAFE can't search its files and records, and that of its relevant custodians, using a simple "ctrl+f" or other basic search function to reasonably locate the digital footprints it downloaded.

At the August 13 hearing, we described the following revised language to the second clause of the proposed Order: "**IT IS HEREBY ORDERED**, that pending further Order of this Court and for the duration of these proceedings: SAFE, and all persons acting in concert with or through SAFE who receive actual notice of the injunction, are (1) enjoined from disclosing or using any Confidential Information obtained from SSC's customer platform, including but not limited to, digital footprints and questionnaire templates, and (2) mandated to remediate from SAFE's products and offerings any content based upon, reflecting or utilizing in any way, to the extent there has been such use, any digital footprints and questionnaire templates obtained from SSC's customer platform, and any other information hereafter identified by SSC as confidential and agreed to by SAFE as confidential or held by the Court to be confidential." Is this language acceptable? If not, could you please propose a revision that is acceptable to SAFE?

If we do not hear from you substantively about our proposed Order by tomorrow at noon, we will have no choice but to so advise the Court, and will ask the Court to enter our proposed Order as is (Dkt. 98).

Best,

Brian

---

**From:** Desai, Ishika <IDesai@goodwinlaw.com>
**Sent:** Thursday, August 22, 2024 4:53 PM
**To:** Beckerman, Brian L. <brian.beckerman@pillsburylaw.com>; Padro, John P <JPadro@goodwinlaw.com>; Keegan, Timothy <TKeegan@goodwinlaw.com>
**Cc:** DG-GP-SAFE-SSC <DG-GP-SAFE-SSC@goodwinlaw.com>; Taber, Kenneth W. <kenneth.taber@pillsburylaw.com>; Madigan, Sarah M. <sarah.madigan@pillsburylaw.com>; Goldman, Jessica <jessica.goldman@pillsburylaw.com>
**Subject:** RE: SecurityScorecard, Inc. v. Safe Securities, Inc., Case No. 1:24-cv-04240-ER

8

Hi Brian,

Thank you for working through the technical issues with the recent production. We are still assessing these documents but the .csv files appear to be have different metadata than what was described in the BRG report. As we discussed, the way to search for such materials is to use hash values, and these changes to the metadata make it unworkable to search for documents by hash value. Can you provide us the exact copies of the files that were accessed? If not, can you please explain?

We are looking into alternative methodologies now based on what you have provided, but this will substantially complicate searching for these materials.

Because of these issues and because the facts remain as they were at the hearing, we cannot agree to any further language at this point. That said, as discussed on Monday, we will continue these discussions as we get further information on any potential use based on the information you have provided.

Accordingly, we would propose that the parties send a joint letter to the Court tomorrow as to our progress on investigating the use, and that the parties will follow up with the Court once more is known.

As to the Scheduling Order, we are waiting on client approval to get you our revised proposal. We should be able to get back to you by midday tomorrow.

Thanks,
Ishika

**Ishika Desai**
*she/her/hers*
Associate



Goodwin Procter LLP
601 Marshall Street
Redwood City, CA 94063
o  +1 650 752 3276
m +1 304 685 1279
f   +1 650 471 6058
IDesai@goodwinlaw.com



---

**From:** Beckerman, Brian L. <brian.beckerman@pillsburylaw.com>
**Sent:** Tuesday, August 20, 2024 1:40 PM
**To:** Desai, Ishika <IDesai@goodwinlaw.com>; Padro, John P <JPadro@goodwinlaw.com>; Keegan, Timothy <TKeegan@goodwinlaw.com>

9

**Cc:** DG-GP-SAFE-SSC <DG-GP-SAFE-SSC@goodwinlaw.com>; Taber, Kenneth W. <kenneth.taber@pillsburylaw.com>; Madigan, Sarah M. <sarah.madigan@pillsburylaw.com>; Goldman, Jessica <jessica.goldman@pillsburylaw.com>
**Subject:** RE: SecurityScorecard, Inc. v. Safe Securities, Inc., Case No. 1:24-cv-04240-ER

***EXTERNAL***
Great, thanks for letting us know.

Best,
Brian

**From:** Desai, Ishika <IDesai@goodwinlaw.com>
**Sent:** Tuesday, August 20, 2024 4:39 PM
**To:** Beckerman, Brian L. <brian.beckerman@pillsburylaw.com>; Padro, John P <JPadro@goodwinlaw.com>; Keegan, Timothy <TKeegan@goodwinlaw.com>
**Cc:** DG-GP-SAFE-SSC <DG-GP-SAFE-SSC@goodwinlaw.com>; Taber, Kenneth W. <kenneth.taber@pillsburylaw.com>; Madigan, Sarah M. <sarah.madigan@pillsburylaw.com>
**Subject:** RE: SecurityScorecard, Inc. v. Safe Securities, Inc., Case No. 1:24-cv-04240-ER

Thanks, Brian. I believe this resolved the issue, but we'll let you know if we have further issues accessing the production.

Ishika

**Ishika Desai**
*she/her/hers*
Associate



Goodwin Procter LLP
601 Marshall Street
Redwood City, CA 94063
o  +1 650 752 3276
m +1 304 685 1279
f   +1 650 471 6058
IDesai@goodwinlaw.com



**From:** Beckerman, Brian L. <brian.beckerman@pillsburylaw.com>
**Sent:** Tuesday, August 20, 2024 11:05 AM
**To:** Desai, Ishika <IDesai@goodwinlaw.com>; Padro, John P <JPadro@goodwinlaw.com>; Keegan, Timothy <TKeegan@goodwinlaw.com>
**Cc:** DG-GP-SAFE-SSC <DG-GP-SAFE-SSC@goodwinlaw.com>; Taber, Kenneth W. <kenneth.taber@pillsburylaw.com>; Madigan, Sarah M. <sarah.madigan@pillsburylaw.com>
**Subject:** RE: SecurityScorecard, Inc. v. Safe Securities, Inc., Case No. 1:24-cv-04240-ER

***EXTERNAL***
Ishika,

Please see attached instructions from our IT team. Let us know if this resolves the issue.

Best,
Brian

**From:** Beckerman, Brian L. <brian.beckerman@pillsburylaw.com>
**Sent:** Tuesday, August 20, 2024 1:38 PM
**To:** Desai, Ishika <IDesai@goodwinlaw.com>; Padro, John P <JPadro@goodwinlaw.com>; Keegan, Timothy <TKeegan@goodwinlaw.com>
**Cc:** DG-GP-SAFE-SSC <DG-GP-SAFE-SSC@goodwinlaw.com>; Taber, Kenneth W. <kenneth.taber@pillsburylaw.com>; Madigan, Sarah M. <sarah.madigan@pillsburylaw.com>
**Subject:** RE: SecurityScorecard, Inc. v. Safe Securities, Inc., Case No. 1:24-cv-04240-ER

Thanks, Ishika. We're looking into this and will get back to you with a workaround.

**From:** Desai, Ishika <IDesai@goodwinlaw.com>
**Sent:** Tuesday, August 20, 2024 1:03 PM
**To:** Beckerman, Brian L. <brian.beckerman@pillsburylaw.com>; Padro, John P <JPadro@goodwinlaw.com>; Keegan, Timothy <TKeegan@goodwinlaw.com>
**Cc:** DG-GP-SAFE-SSC <DG-GP-SAFE-SSC@goodwinlaw.com>; Taber, Kenneth W. <kenneth.taber@pillsburylaw.com>; Madigan, Sarah M. <sarah.madigan@pillsburylaw.com>
**Subject:** RE: SecurityScorecard, Inc. v. Safe Securities, Inc., Case No. 1:24-cv-04240-ER

Hi Brian,

Just tried to call you back and got your voicemail. Our IT team believes it is an issue with the way the file was zipped. We are not able to get to the stage of inserting the password – we are all receiving the below error as soon as we try to open a file in the zip folder. If you have more questions about the tech issue, feel free to call anytime before 2 PM PT.



Ishika

**Ishika Desai**
*she/her/hers*
Associate



Goodwin Procter LLP
601 Marshall Street
Redwood City, CA 94063
o  +1 650 752 3276
m +1 304 685 1279
f   +1 650 471 6058
IDesai@goodwinlaw.com



---

**From:** Beckerman, Brian L. <brian.beckerman@pillsburylaw.com>
**Sent:** Tuesday, August 20, 2024 9:18 AM
**To:** Desai, Ishika <IDesai@goodwinlaw.com>; Padro, John P <JPadro@goodwinlaw.com>; Keegan, Timothy <TKeegan@goodwinlaw.com>
**Cc:** DG-GP-SAFE-SSC <DG-GP-SAFE-SSC@goodwinlaw.com>; Taber, Kenneth W. <kenneth.taber@pillsburylaw.com>; Madigan, Sarah M. <sarah.madigan@pillsburylaw.com>
**Subject:** RE: SecurityScorecard, Inc. v. Safe Securities, Inc., Case No. 1:24-cv-04240-ER

***EXTERNAL***
Hi Ishika,

I just tried to call you but got your voicemail. Figured it might be easier to walk through this over the phone.

All members of our team are able to download the .zip file and access all of the individual files therein.

The .zip is password protected so you have to enter the password before opening a document or attempting to bulk extract.

We can send another .zip file, but without knowing the tech issue, I'm not sure how helpful that would be.

Please feel free to call me if that would be helpful.

Best,
Brian

---

**From:** Desai, Ishika <IDesai@goodwinlaw.com>
**Sent:** Tuesday, August 20, 2024 12:00 PM
**To:** Beckerman, Brian L. <brian.beckerman@pillsburylaw.com>; Padro, John P

<JPadro@goodwinlaw.com>; Keegan, Timothy <TKeegan@goodwinlaw.com>
**Cc:** DG-GP-SAFE-SSC <DG-GP-SAFE-SSC@goodwinlaw.com>; Taber, Kenneth W. <kenneth.taber@pillsburylaw.com>; Madigan, Sarah M. <sarah.madigan@pillsburylaw.com>
**Subject:** RE: SecurityScorecard, Inc. v. Safe Securities, Inc., Case No. 1:24-cv-04240-ER

Hi Brian,

Multiple members of our team are experiencing the same issue, which has not been resolved by changing any settings. We are able to download the zip file, but none of the individual files in the zip file can be opened.

Ishika

**Ishika Desai**
*she/her/hers*
Associate



Goodwin Procter LLP
601 Marshall Street
Redwood City, CA 94063
o  +1 650 752 3276
m +1 304 685 1279
f   +1 650 471 6058
IDesai@goodwinlaw.com



---

**From:** Beckerman, Brian L. <brian.beckerman@pillsburylaw.com>
**Sent:** Monday, August 19, 2024 9:00 PM
**To:** Desai, Ishika <IDesai@goodwinlaw.com>; Padro, John P <JPadro@goodwinlaw.com>; Keegan, Timothy <TKeegan@goodwinlaw.com>
**Cc:** DG-GP-SAFE-SSC <DG-GP-SAFE-SSC@goodwinlaw.com>; Taber, Kenneth W. <kenneth.taber@pillsburylaw.com>; Madigan, Sarah M. <sarah.madigan@pillsburylaw.com>
**Subject:** RE: SecurityScorecard, Inc. v. Safe Securities, Inc., Case No. 1:24-cv-04240-ER

***EXTERNAL***
Hi Ishika,

I just tried the link and successfully downloaded the .zip without issue. It's possible your firewall or popup blocker may be preventing you from accessing the production. Let me know if disabling those functions fixes the issue. If not, we can send via a different platform.

Best,
Brian

---

**From:** Desai, Ishika <IDesai@goodwinlaw.com>

13

**Sent:** Monday, August 19, 2024 11:42 PM
**To:** Beckerman, Brian L. <brian.beckerman@pillsburylaw.com>; Padro, John P <JPadro@goodwinlaw.com>; Keegan, Timothy <TKeegan@goodwinlaw.com>
**Cc:** DG-GP-SAFE-SSC <DG-GP-SAFE-SSC@goodwinlaw.com>; Taber, Kenneth W. <kenneth.taber@pillsburylaw.com>; Madigan, Sarah M. <sarah.madigan@pillsburylaw.com>
**Subject:** RE: SecurityScorecard, Inc. v. Safe Securities, Inc., Case No. 1:24-cv-04240-ER

Brian,

The Goodwin team is unable to access the contents of the zip file using the link provided. We are receiving an error stating that the extraction cannot be completed. If you can resend the production, we would appreciate it.

Thank you,
Ishika

**Ishika Desai**
*she/her/hers*
Associate



Goodwin Procter LLP
601 Marshall Street
Redwood City, CA 94063
o  +1 650 752 3276
m +1 304 685 1279
f   +1 650 471 6058
IDesai@goodwinlaw.com



---

**From:** Beckerman, Brian L. <brian.beckerman@pillsburylaw.com>
**Sent:** Monday, August 19, 2024 5:10 PM
**To:** Padro, John P <JPadro@goodwinlaw.com>; Keegan, Timothy <TKeegan@goodwinlaw.com>
**Cc:** DG-GP-SAFE-SSC <DG-GP-SAFE-SSC@goodwinlaw.com>; Taber, Kenneth W. <kenneth.taber@pillsburylaw.com>; Madigan, Sarah M. <sarah.madigan@pillsburylaw.com>
**Subject:** SecurityScorecard, Inc. v. Safe Securities, Inc., Case No. 1:24-cv-04240-ER

***EXTERNAL***
John and Tim,

Please see attached letter regarding SSC's first production of documents in the above-captioned matter.

Regards,

Brian

**Brian L. Beckerman** | Counsel
Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131
t +1.212.858.1228
brian.beckerman@pillsburylaw.com | website bio

AUSTIN  BEIJING  HONG KONG  HOUSTON  LONDON  LOS ANGELES
MIAMI  NASHVILLE  NEW YORK  NORTHERN VIRGINIA  PALM BEACH
SACRAMENTO  SAN DIEGO  SAN FRANCISCO  SHANGHAI
SILICON VALLEY  TAIPEI  TOKYO  WASHINGTON, DC



The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

*******************************************************************
This message was sent from Goodwin Procter LLP and is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.
*******************************************************************

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.