UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITYSCORECARD, INC., <br><br> Plaintiff, <br><br> -against- <br><br> SAFE SECURITIES, INC. d/b/a SAFE SECURITY and MARY POLYAKOVA, <br><br> Defendants. | Case No. 24-cv-04240-ER <br><br> **<u>STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER</u>** |

EDGARDO RAMOS, District Judge:

WHEREAS, Plaintiff SecurityScorecard, Inc. ("SSC") and Defendant Safe Securities, Inc., *d/b/a* Safe Security ("SAFE") (the "Parties," and each individually, a "Party"), request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms:

1.     With respect to "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential,"

4854-0379-5440

"Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code" pursuant to this Order, no person subject to this Order may disclose such Discovery Material to anyone else except as expressly permitted hereunder.

2. The Party or person producing or disclosing Discovery Material (each, a "Producing Party") may designate as "Confidential" Discovery Material that it reasonably and in good faith believes consists of confidential and nonpublic business, technical, or financial information the disclosure of which would provide others with an unfair competitive or otherwise improper advantage. Confidential Discovery Material also includes any information of a personal or intimate nature regarding any individual, or any other category of information given confidential status by this Court after the date of this Order.

3. A Producing Party may designate as "Highly Confidential – Attorneys' Eyes Only" Discovery Material that it reasonably and in good faith believes consists of:

    (a) trade secrets, as defined under New York law or the Defend Trade Secrets Act;

    (b) confidential and proprietary information, including all inventions and all other business, technical, and financial information (including information relating to customers or employees), the disclosure of which would create a substantial risk of causing the Producing Party to suffer significant competitive damage;

    (c) previously non-disclosed material relating to ownership or control of any non-public company, the disclosure of which would create a substantial risk of causing the Producing Party to suffer significant competitive damage;

    (d) previously non-disclosed business plans, product-development information, or marketing plans, the disclosure of which would create a substantial risk of causing the Producing Party to suffer significant competitive damage;

4854-0379-5440

  (e) client work product, client proposals, current and potential clients lists and names, and detailed information about client current and future needs; or

  (f) any other category of information given Highly Confidential – Attorneys' Eyes Only status by this Court after the date of this Order.

4.   A Producing Party may designate as "Highly Confidential – Source Code" Discovery Material that it reasonably and in good faith believes consists of sensitive and nonpublic computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, the disclosure of which would create a substantial risk of causing the Producing Party to suffer significant competitive damage.

  (a) To the extent production of source code becomes necessary in this case, Discovery Material designated as "Highly Confidential – Source Code" shall be subject to all of the protections afforded to "Highly Confidential – Attorneys' Eyes Only" Discovery Material.

  (b) Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location. The source code shall be made available for inspection on a secured computer in a secured room without internet access or network access to other computers, and the recipient shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the recipient's representatives during any source code review, but only

to ensure that there is no unauthorized recording, copying, or transmission of the source code.

(c) The recipient may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purpose of reviewing the source code other than electronically as set forth in paragraph (b). The Producing Party shall provide all such source code in paper form including Bates numbers and the label "Highly Confidential – Source Code." Any printed portion that consists of more than twenty (20) pages of a continuous block of source code shall be presumed to be excessive, and the burden shall be on the recipient to demonstrate the need for such a printed copy. No more than 500 pages of the total source code may be printed, unless agreed to by the Parties or ordered by the Court.

(d) The recipient shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The recipient shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The recipient shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format, except as necessary to prepare court filings, pleadings, or other papers (including a testifying expert's report), as necessary to prepare for deposition, or otherwise necessary for the preparation of its case.

5. With respect to the Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – Source Code portion of any Discovery Material other than deposition

transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code" by stamping or otherwise clearly marking as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code" the protected portion in a manner that will not interfere with legibility or audibility.

6.  A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – Source Code Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – Source Code information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within thirty (30) days after a deposition transcript has been received, of the specific pages and lines of the transcript that are to be designated "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code" in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following receipt of a deposition transcript, all Parties will treat the entire deposition transcript as if it had been designated Highly Confidential – Attorneys' Eyes Only.

7.  If at any time before the termination of this action a Producing Party realizes that it should have designated as Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – Source Code some portion(s) of Discovery Material that it previously produced, the Producing Party may so designate such material by notifying all Parties in writing. Thereafter, all

4854-0379-5440

persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – Source Code as the case may be. In addition, the Producing Party shall provide the other Party with replacement versions of such Discovery Material that bears the "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code" designation within ten (10) business days of providing such notice.

8. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

9. The production of Discovery Material shall not constitute a waiver of any Party's rights to claim that the Discovery Material is privileged, not relevant or is otherwise non-discoverable, nor shall receipt thereof constitute a waiver of any Party's right to contend that the Discovery Material is not privileged, discoverable or relevant. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

10. If a recipient hereunder receives any information, documents, or Discovery Material which the Producing Party deems to contain inadvertently disclosed information protected by the attorney-client privilege, the work product doctrine, or any other recognized privilege or protection ("Privileged Material"), such inadvertent disclosure by any person of any Privileged Material shall not waive any such privilege or protection, for the Privileged Material or for the subject matter of that material, in this action or any other state or federal proceeding or other proceeding, pursuant to Federal Rule of Evidence 502(d) and (e) and Federal Rule of Civil Procedure 26(b)(5)(B). This Order shall not excuse a Producing Party from taking reasonable steps to identify, in advance of production, its documents and information which contain Privileged

4854-0379-5440

Material. It is expressly contemplated that computerized searches of data using keywords and search terms to identify Privileged Material shall be considered sufficient and reasonable measures to support the assertion of inadvertent production.

11. In the event Privileged Material has been inadvertently disclosed, the Producing Party may give written notice to the recipient(s) of the Privileged Material, identifying the Privileged Material to be returned and stating the grounds for privilege. After receiving notice, the recipient must promptly destroy the specified document or information and any copies, notes, quotations, or summaries thereof, and must take reasonable steps to retrieve the information if it was disclosed to others prior to the recipient receiving notice. By destroying the Privileged Material, the recipient does not waive or in any way prejudice any motion it may make to challenge the privilege claim and compel the production thereof. The recipient may not use any details and information it might have learned from reviewing the Privileged Material in its subsequent challenge of the Producing Party's privilege claim. The following procedure shall apply with respect to inadvertently disclosed Privileged Material:

(a) within ten (10) business days, the Producing Party must provide a privilege log including such document or information pursuant to Federal Rule of Civil Procedure 26(b)(5)(A) or in a format otherwise agreed to by the Parties;

(b) if there is a dispute as to the claim of privilege over the Privileged Material, the Parties will meet and confer within seven (7) business days of receiving the privilege log;

(c) if the issue remains unresolved, the Party challenging the claim of privilege shall make an application to the Court within seven (7) business days of the meet and confer; and

(d) until such time as the issue has been fully and finally resolved, such purportedly Privileged Material shall, for all purposes, be considered Privileged Material.

12. Except with prior written consent of all other parties, or upon prior order of this Court, where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a) four (4) attorney or non-attorney SSC employees whom SSC represents will only use the information in connection with assisting outside counsel in prosecuting or defending this action, provided such persons first execute a Non-Disclosure Agreement in the form annexed hereto: Steve Cobb, Owen Denby, Ben Yeamans and one individual to be disclosed by counsel for SSC to counsel for SAFE at a later date (or their successors, provided that their successors' names and titles are disclosed to counsel for SAFE with a 7-day period to object prior to disclosure of any Confidential Discovery Material); and four (4) attorney or non-attorney SAFE employees whom SAFE represents will only use the information in connection with assisting outside counsel in prosecuting or defending this action, provided such persons first execute a Non-Disclosure Agreement in the form annexed hereto: Naman Gupta, Vidit Baxi, and two individuals to be disclosed by counsel for SAFE to counsel for SSC at a later date (or their successors, provided that their successors' names and titles are disclosed to counsel for SSC with a 7-day period to object prior to disclosure of any Confidential Discovery Material).

(b) outside counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c) outside vendors or service providers (such as copy service providers and document management consultants) that counsel for SSC or SAFE hire and assign to this matter;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints;

(e) any person a Party retains or designates to serve as an expert or consultant in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

(f) this Court, including any appellate court, its support personnel, and court reporters; and

(g) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy.

13. Except with prior written consent of all other parties, or upon prior order of this Court, where a Producing Party has designated Discovery Material as Highly Confidential – Attorneys' Eyes Only, other persons subject to this Order may disclose such information only to the following persons:

(a) up to two (2) in-house attorneys at SSC whom SSC represents are not involved in competitive decision making at SSC, and will only use the information in connection with assisting outside counsel in prosecuting or defending this action, provided such persons first execute a Non-Disclosure Agreement in the form annexed hereto: Owen Denby and Ben Yeamans (or their successors, provided that their successors' names and titles are disclosed to counsel for SAFE with a 7-day period to object prior to any disclosure of Highly Confidential – Attorneys' Eyes

Only Discovery Material); and up to two (2) in-house attorneys at SAFE whom SAFE represents are not involved in competitive decision making at SAFE, and will only use the information in connection with assisting outside counsel in prosecuting or defending this action, provided such persons first execute a Non-Disclosure Agreement in the form annexed hereto: to be disclosed by counsel for SAFE to counsel for SSC at a later date (or their successors, provided that their successors' names and titles are disclosed to counsel for SSC with a 7-day period to object prior to disclosure of any Highly Confidential – Attorneys' Eyes Only Discovery Material);

(b) outside counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c) outside vendors or service providers (such as copy service providers and document management consultants) that counsel for SSC or SAFE hire and assign to this matter;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints;

(e) any person a Party retains or designates to serve as an expert or consultant in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

(f) this Court, including any appellate court, its support personnel, and court reporters, provided such information is filed under seal; and

      (g) as to the Master East List and CISO Prospect Lists, as referenced in the Court's Order, dated July 8, 2024 (Dkt. 68), counsel for SAFE and Ms. Polyakova or any of their agents designated by counsel, including Digital Mountain, provided such agent has first executed a Non-Disclosure Agreement in the form annexed hereto.

14. Counsel must retain each signed Non-Disclosure Agreement referenced above, and produce it to opposing counsel upon request.

15. This Order binds the Parties and certain others to treat as Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – Source Code any Discovery Materials so classified. The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential or Highly Confidential – Attorneys' Eyes Only hereunder.

16. In filing Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material ("Confidential Court Submission"), in accordance with Rule 3 of this Court's Individual Practices, the Parties shall (a) publicly file the Confidential Court Submission with the proposed redactions, and (b) electronically file under seal a copy of the unredacted Confidential Court Submission with the proposed redactions highlighted, each via the Electronic Case Filing System.

17. In accordance with Rule 3 of this Court's Individual Practices, any Party that seeks to file Confidential Discovery Material under seal must file an application justifying—on a particularized basis—the sealing of such documents.

4854-0379-5440

18. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds for the objection. The Parties will meet and confer within seven (7) business days of such written notice. If the Parties cannot reach agreement, counsel for both Parties will address their dispute to this Court in accordance with Rule 3 of the Court's Individual Practices.

19. Recipients of Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

20. Nothing in this Order will prevent any Party from producing any Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and no later than ten (10) business days after receiving the request, where permitted by law. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

21. Each person who has access to Discovery Material designated as Confidential or Highly Confidential – Attorneys' Eyes Only pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

4854-0379-5440

22. Within thirty (30) days of the final disposition of this action—including all appeals—all recipients of Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material must destroy all known versions of Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material, including all copies and portions thereof, in their possession, custody and control, and certify its destruction by submitting a written certification to the Producing Party that affirms it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing the Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material, or portions thereof. Any such archival copies that contain or constitute Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material remain subject to this Order.

23. This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material is produced or disclosed.

24. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

[signature page follows]

4854-0379-5440

SO STIPULATED AND AGREED.

| | |
|---|---|
| **PILLSBURY WINTHROP SHAW PITTMAN LLP** | **GOODWIN PROCTER LLP** |
| By: */s/ Kenneth W. Taber* <br> Kenneth W. Taber <br> Brian L. Beckerman <br> 31 West 52nd Street <br> New York, NY 10019 <br> Tel: (212) 858-1000 <br> Fax: (212) 858-1500 <br> kenneth.taber@pillsburylaw.com <br> brian.backerman@pillsburylaw.com <br><br> *Attorneys for Plaintiff SecurityScorecard, Inc.* | By: */s/ John P. Padro* <br> John P. Padro <br> The New York Times Building <br> 620 Eighth Avenue <br> New York, NY 10018 <br> Tel: (212) 459-7349 <br> Fax: (212) 428-6751 <br> JPadro@goodwinlaw.com <br><br> *Attorneys for Defendant Safe Securities, Inc. d/b/a Safe Security* |

IT IS SO ORDERED, this  15th  day of October, 2024.

_____
HON. EDGARDO RAMOS, U.S.D.J.

Dated: October 14, 2024
         New York, NY

4854-0379-5440

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITYSCORECARD, INC.,<br><br>Plaintiff,<br><br>-against-<br><br>SAFE SECURITIES, INC. d/b/a SAFE SECURITY and MARY POLYAKOVA,<br><br>Defendants. | Case No. 24-cv-04240-ER<br><br>**<u>NON-DISCLOSURE AGREEMENT</u>** |

I, _____, hereby acknowledge that I have read and understand the Stipulated Confidentiality Agreement and Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – Source Code. I agree that I will not disclose such Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – Source Code Discovery Material, or any words, summaries, abstracts, or indices thereof, to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____
Name:
Date: