

**Pillsbury Winthrop Shaw Pittman LLP**
31 West 52nd Street | New York, NY 10019-6131 | tel 212.858.1000 | fax 212.858.1500

Kenneth W. Taber
tel: +1.212.858.1813
kenneth.taber@pillsburylaw.com

November 8, 2024

**MEMO ENDORSED**

<u>VIA ECF</u>
Hon. Edgardo Ramos
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square, Courtroom 619
New York, NY 10007

The application is **X** granted
_____ denied

*[signature]*
Edgardo Ramos, U.S.D.J
Dated: November 12, 2024
New York, New York

    Re:    *SecurityScorecard, Inc. v. Safe Securities, Inc.*, Case No.: 1:24-cv-04240-ER: Plaintiff's Request for Leave to File Under Seal

Dear Judge Ramos:

    We write on behalf of Plaintiff SecurityScorecard, Inc. ("SSC" or "Plaintiff"), to request a pre-motion conference to request leave to file under seal SSC's Pre-Motion Conference Letter to Request International Judicial Assistance to Obtain Evidence ("PMC Letter"), filed contemporaneously herewith. SSC submits this letter pursuant to the parties' *Stipulated Confidentiality Agreement and Protective Order*, dated October 16, 2024, Dkt. 120 ("Protective Order") and Rule 3(ii) of Your Honor's Individual Rules of Practice in Civil Cases.

    A party seeking to file a document under seal must address the presumption in favor of public access to judicial documents and, pursuant to Rule 3(ii), "explain the particular reasons for seeking to file that information under seal."

    The Second Circuit set forth the relevant standard *in Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), under which "[t]here is a common law presumption in favor of permitting public access to judicial documents, which are those documents 'relevant to the performance of the judicial function and useful in the judicial process.'" *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011) (quoting *Lugosch*, 435 F.3d at 119). A court balances this common law presumption of access against competing comparisons, including "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120. Thus, the issue is whether "the privacy interests of the defendants outweigh the presumption of public access." *GoSMiLE*, 769 F. Supp. 2d at 649-50.

    Here, SSC seeks to redact limited information in SSC's PMC Letter which was taken from a letter written by counsel for Defendant Safe Securities, Inc. ("SAFE") and marked HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY ("AEO") pursuant to the Protective Order. More specifically, the information SSC seeks to redact and file under seal concerns SAFE's investigation into its possession and use of SSC confidential and proprietary information at issue in this case. Although SSC may not agree with SAFE's AEO designation in this instance, SSC submits this application pursuant to the Protective Order to fully respect SAFE's designation.

4893-2841-4711

Accordingly, SSC respectfully requests that the Court grant its request to file the PMC Letter under seal.

    Counsel for Defendant SAFE does not object to this request to seal.

Respectfully submitted,

*/s/ Kenneth W. Taber*
Kenneth W. Taber

cc:     All Counsel of Record (via ECF)