

**Pillsbury Winthrop Shaw Pittman LLP**
31 West 52nd Street | New York, NY 10019-6131 | tel 212.858.1000 | fax 212.858.1500

# MEMO ENDORSED

Kenneth W. Taber
tel: +1.212.858.1813
kenneth.taber@pillsburylaw.com

November 27, 2024

**VIA ECF**
Hon. Edgardo Ramos
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square, Courtroom 619
New York, NY 10007

The application is  X  granted
                  ___ denied

Edgardo Ramos, U.S.D.J
Dated: December 3, 2024
New York, New York

Re: *SecurityScorecard, Inc. v. Safe Securities, Inc.*, Case No.: 1:24-cv-04240-ER: Plaintiff's Request for Leave to File Motion Under Seal

Dear Judge Ramos:

We write on behalf of Plaintiff SecurityScorecard, Inc. ("SSC" or "Plaintiff"), to request leave to file under seal SSC's Motion for Issuance of a Letter of Request for International Judicial Assistance to Obtain Evidence ("Motion"), filed contemporaneously herewith. SSC submits this letter pursuant to the parties' *Stipulated Confidentiality Agreement and Protective Order*, dated October 16, 2024, Dkt. 120 ("Protective Order") and Rule 3(ii) of Your Honor's Individual Rules of Practice in Civil Cases.

A party seeking to file a document under seal must address the presumption in favor of public access to judicial documents and, pursuant to Rule 3(ii), "explain the particular reasons for seeking to file that information under seal."

The Second Circuit set forth the relevant standard in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), under which "[t]here is a common law presumption in favor of permitting public access to judicial documents, which are those documents 'relevant to the performance of the judicial function and useful in the judicial process.'" *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011) (quoting *Lugosch*, 435 F.3d at 119). A court balances this common law presumption of access against competing comparisons, including "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120. Thus, the issue is whether "the privacy interests of the defendants outweigh the presumption of public access." *GoSMiLE*, 769 F. Supp. 2d at 649-50.

Here, SSC seeks to redact limited information in SSC's Motion which was taken from letters written by counsel for Defendant Safe Securities, Inc. ("SAFE") and marked HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY ("AEO") pursuant to the Protective Order. More specifically, the information SSC seeks to redact and file under seal concerns SAFE's investigation into its possession and use of SSC confidential and proprietary information at issue in this case. Although SSC may not agree with SAFE's AEO designation in this instance, SSC submits this application pursuant to the Protective Order to fully respect SAFE's designation. The

2

information which SSC seeks to redact includes information which this Court has previously agreed to seal. *See* Dkt. 129. Accordingly, SSC respectfully requests that the Court grant its request to file the Motion under seal.

Counsel for Defendant SAFE does not object to this request to seal.

Respectfully submitted,

*/s/ Kenneth W. Taber*
Kenneth W. Taber

cc:   All Counsel of Record (via ECF)