

John P. Padro
+1 212 459 7349
JPadro@goodwinlaw.com

Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018

goodwinlaw.com
+1 212 813 8800

February 14, 2025

**VIA ECF**

Hon. Edgardo Ramos
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

**Re**:   *SecurityScorecard v. Safe Securities*, No. 1:24-cv-04240-ER – Request for Pre-Motion Conference on Motion to Dismiss

Dear Judge Ramos:

We write on behalf of Safe Securities ("SAFE") to request a pre-motion conference for SAFE's Rule 12(b)(6) motion to dismiss the entirety of SecurityScorecard's ("SSC") First Amended Complaint because, even after months of discovery, SSC still cannot articulate a viable legal claim.

SAFE previously sought to dismiss many of these claims in July 2024. *See* D.I. 69. In response, SSC sought expedited discovery and to amend its complaint to address issues raised by SAFE. *See* D.I. 102 at 53:2-13. Despite those representations and months of discovery, SSC's changes to the complaint were, in its own words, "quite minimal." Feb. 5, 2025 H'rg Tr. at 11:18-19. As a result, SSC's claims remain conclusory and legally insufficient. For example, while SSC maintains claims against individual defendant Ms. Polyakova on the basis that she retained two "lists," SSC still fails to allege ***that SAFE*** did anything to or with these "lists," much less anything rising to misappropriation or unfair competition. Nor are there any specific allegations regarding tortious interference with Ms. Polyakova's obligations to SSC.

What little SSC added highlights the insufficiency of its claims. SSC has asserted a contract claim, and dependent misappropriation claims, based on SAFE's alleged use of SSC's publicly available platform. These claims are in fact, based in copyright, and are therefore preempted by federal Copyright Act.

For these reasons, SAFE requests a pre-motion conference and permission to file a motion to dismiss.

   1.   SSC's Preempted Contract Claim (Claim 4)

SSC alleges SAFE breached a term of use prohibiting a competitor from accessing, downloading and using so-called "Platform Material" from SSC's online portal. D.I. 148 ¶ 137. However, this claim is preempted by the federal Copyright Act. 17 U.S.C. § 301 ("all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright" are governed exclusively by the Copyright Act, which preempts "any such right or equivalent right in any such work under the common law or statutes of any State"); *ML Genius Holdings v. Google*, 2022 WL 710744, at *2-3 (2d Cir., Mar. 10, 2022), *cert denied*, 143 S. Ct. 2658 (2023) (Second Circuit's "broad interpretation of the scope of



February 14, 2025

copyright preemption" bars contract claim restricting access to "content that appears on [Plaintiff's] website" because contract cannot restrict "reproduction and derivative use of copyrighted material").

The Copyright Act expressly preempts any state law claim if "(i) the work at issue comes within the subject matter of copyright and (ii) the right being asserted is equivalent to any of the exclusive rights within the general scope of copyright," provided there is no "extra element" going beyond copyright law. *IBM Corp. v. Micro Focus (US), Inc.*, 676 F. Supp. 3d 263, 278 (S.D.N.Y 2023) (cleaned up). Here, both preemption requirements are met, and there is no extra element to save the claim from preemption.

First, SSC's "Platform Materials" are the "various materials and customer offerings including action plans, detailed reports, digital footprints, issues reports, questionnaire templates, and scorecards" that SSC makes available on its website portal. D.I. 148 ¶ 9. This "content from [SSC's] website" falls within the "broad" scope of copyright's subject matter. *ML Genius*, 2022 WL 710744, at *2-3 (contract, unfair competition, and misappropriation claims preempted).

Second, the rights being asserted—the ability to access and use the Platform Materials—are equivalent to the copyright right to reproduce the work. SSC alleges that SAFE breached the contract provision by "**downloading** and **exporting** SSC's work product, to enhance and improve SAFE's own competitive product offerings or **use** the platform in a way that competes with products or services offered by SSC." D.I. 148 ¶ 137 (emphasis added). But "downloading," "exporting," and "use" are equivalent to the copyright rights to reproduce and reverse engineer. *See ML Genius*, 2022 WL 710744, at *2-3 (Copyright Act preempts contract claim based on "reproduction and derivative use of copyrighted material"); *see also IBM*, 676 F. Supp. 3d at 278 (prohibiting using material to "reverse engineer" equivalent to copyright prohibition on "unlawful copying and distribution"); *Trackman, Inc. v. GSP Golf AB*, 2024 WL 4276497, at *13-14 (S.D.N.Y. Sept. 24, 2024) (contract claim based on "studying" outputs preempted as equivalent to claim based on reverse engineering).

Finally, there is no "extra element" to save SSC's claim. Barring competitive use is not the type of restriction that amounts to an "extra element." *See Genius Media Grp. v. Google*, 2020 WL 5553639, at *9 (E.D.N.Y. Aug. 10, 2020) ("commercial use" prohibition is not an extra element).[1]

    2. <u>SSC's Deficient Misappropriation and Unfair Competition Claims (Claims 2, 3, and 6)</u>

SSC also asserts three misappropriation-based claims against SAFE. D.I. 148 at ¶¶ 105-116 (claim 2, trade secret misappropriation under the DTSA Act), 117-133 (claim 3, state law "misappropriation"), 148-159 (claim 6, unfair competition). These claims concern two sets of alleged information: (1) the so-called "Platform Materials" available on SSC's public website discussed *supra* § 1 and (2) the customer lists never obtained or used by SAFE. These allegations fail to state a claim under Rule 12(b)(6).

---

[1] SSC generally discussed a confidentiality provision in its amended complaint. *See* D.I. 148 ¶ 64. But SSC did not allege breach of this provision. *See id.* ¶¶ 134-139 (contract claim). That is for good reason. SSC's terms of use explain the material is not confidential, as its services are provided "using solely outside-in, publicly available data" and "[t]he cybersecurity ratings provided by the Services are based only on information from publicly available sources . . . ." D.I. 148-1 at 1.



February 14, 2025

**"Platform Materials."** SSC alleges SAFE "misappropriated" the publicly available "Platform Materials" because a term of use, discussed above, prohibits competitors like SAFE from using these website materials. D.I. 148 ¶¶ 128-130. Like SSC's contract claim, its misappropriation claims depending on this alleged breach are preempted. For reasons discussed above, the subject matter and equivalence prongs of the preemption inquiry are met. *Supra* § 1. The question remaining is whether the misappropriation claims provide an "extra element" to survive preemption. That answer is no. Over thirty years ago, in the seminal *Computer Associates v. Altai* case, the Second Circuit addressed when trade secret claims are preempted by the Copyright Act. 982 F.2d 693, 719-720 (2d Cir. 1992). The Second Circuit explained that where, as here, misappropriation is alleged based solely on use of a trade secret (as opposed to disclosure), there is no "extra element" and the claim is preempted. *See id.*

**SSC's alleged "lists."** The second category consists of two "lists" that SSC alleges individual defendant Ms. Polyakova improperly retained after leaving SSC. But even with the benefit of extensive discovery, SSC still alleges just unsupported speculation "upon information and belief" that SAFE had anything to do with the lists, much less misappropriated them. D.I. 148 ¶¶ 113 (asserting "[u]pon information and belief" that "SAFE intends to utilize" asserted information without alleging SAFE actually has used or acquired it), 127 (same), 152-153 (similar conclusory language). This cannot support a claim of misappropriation. *Ad Lightning v. Clean.io*, 2020 WL 4570047, at *3 (S.D.N.Y. Aug. 7, 2020). Dismissal, or at minimum a more definite statement, is warranted.

**Unidentified information**. SSC generally alleges that it "possesses trade secrets and confidential proprietary information . . . including the Master East List, the CISO Prospect Lists, and the Platform Materials." D.I. 148 ¶ 118. To the extent SSC asserts additional, unspecified information has been misappropriated, that allegation fails to state a claim; this information is not sufficiently identified and there are no allegations that SAFE has misappropriated any. *TRB Acquisitions v. Yedid*, 2021 WL 293122, at *2 (S.D.N.Y. Jan. 28, 2021) ("[A] complaint that only claims general categories of information and data as trade secrets does not state a claim under the DTSA because it does not adequately put the defendant on sufficient notice of the contours of the claim . . . .") (cleaned up).

   3. <u>SSC's Conclusory and Unsupported Tortious Interference Claim (Claim 5)</u>

SSC's tortious interference claim also must be dismissed; it is rooted only in conclusory "information and belief" allegations. D.I. 148 ¶¶ 142-44. SSC claims SAFE interfered with SSC's agreement with Ms. Polyakova. But just as in SSC's original complaint, SSC fails to allege any facts showing that SAFE knew the terms of Ms. Polyakova's contract with SSC, or any facts suggesting intentional conduct as required to state a claim. *See Tilebar v. Glazzio Tiles*, 2024 WL 1186567, at *20-22 (E.D.N.Y. Mar. 15, 2024) (dismissing tortious interference claim where knowledge alleged "upon information and belief").

   4. <u>SSC's Improper Injunctive Relief Claim (Claim 1)</u>

SSC asserts an improper, "cause of action" for injunctive relief (D.I. 148 ¶¶ 95-104) that should be dismissed. *See Miller v. Wells Fargo*, 994 F. Supp. 2d 542, 558 (S.D.N.Y. 2014) (injunctions "are remedies, not causes of action").



February 14, 2025

Respectfully submitted,

*/s/ John Padro*
John P. Padro

cc: All counsel of record via ECF